UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil No. 3:02CV889 (EBB) |
| | : | |
| 277 DIAMONDS VALUED AT APPROXIMATELY $2,461,093.00, | : | |
| | : | |
| ONE (1) PAIR OF DIAMOND EARRINGS, VALUED AT APPROXIMATELY $50,120.00, | : | |
| | : | |
| AND | : | September 9, 2004 |
| | : | |
| ONE (1) PLATINUM AND DIAMOND RING VALUED AT APPROXIMATELY $25,935.00, | : | |
| | : | |
| Defendants. | : | |
| | : | |
| [CLAIMANT: DAVID ROSSE] | : | |

PLAINTIFF UNITED STATES OF AMERICA'S
MOTION FOR INTERLOCUTORY SALE

COMES NOW the Plaintiff, United States of America, by and through the United States Attorney for the District of Connecticut, and moves the Court to order the interlocutory sale of the Defendant 277 Diamonds Valued at Approximately $2,461,093.00, one (1) Pair of Diamond Earrings Valued at Approximately $50,120.00, and one (1) Platinum and Diamond Ring Valued at Approximately $25,935.00 ("Defendant Diamonds and Diamond Jewelry"), which have been seized for civil forfeiture.

This and other related civil forfeiture actions have been on hold during the pendency of the criminal case entitled <u>United States v. Martin R. Frankel</u>, Criminal No. 3:99CR235 (EBB). Martin Frankel is currently scheduled to be sentenced by the Court on October 5, 2004. Now that the criminal case against Martin Frankel will be resolved in the near future, the United States seeks to convert the diamonds to cash as it prepares to resolve this and the other Frankel-related civil forfeiture actions that are pending before the Court. Since it will take several months to coordinate the public auction of the Defendant Diamonds and Diamond Jewelry, the United States is seeking an interlocutory sale at this time so that when the civil forfeiture cases are resolved, the proceeds from the sale of the diamonds and diamond jewelry will be readily available.

Rule E(9)(b) of the Supplemental Rules for Certain Admiralty and Maritime Claims, United States Customs laws, the Tariff Act of 1930, Title 19, United States Code, Section 1612(a) (incorporated by 18 U.S.C. § 981(d)), and 28 U.S.C. § 2004, provide authority and procedures for the interlocutory sale of real property pending forfeiture. In addition to the explicit provisions above, Title 18, United States Code, Section 983(j), enacted as part of the Civil Asset Forfeiture Reform Act of 2000, also provides general authority for interlocutory sales.

Plaintiff has submitted herewith a Memorandum in Support of Motion for Interlocutory Sale and a proposed Order for an Interlocutory Sale.

                Respectfully submitted,

                KEVIN J. O'CONNOR
                UNITED STATES ATTORNEY


                _____
                JULIE G. TURBERT
                ASSISTANT U.S. ATTORNEY
                P.O. BOX 1824
                NEW HAVEN, CT  06508
                (203) 821-3700
                FEDERAL BAR # ct23398

<u>CERTIFICATE OF SERVICE</u>

This is to certify that a copy of the within and foregoing Motion for Interlocutory Sale has been mailed, postage prepaid, on this 9th day of September, 2004, to:

David Rosse
Inmate No. 13723-014
Nellis Federal Prison Camp
8221 Seymour Johnson Avenue
Las Vegas , Nv 89191

William T. Koch, Jr., Esq.
151 Brush Hill Rd.
Lyme, CT 06371

Douglas J. Schmidt, Esq.
Blackwell Sanders Peper Martin, LLP
2300 Main Street, Suite 1000
Kansas City, Missouri 64108

Douglas S. Skalka, Esq.
Neubert, Pepe & Monteith
195 Church Street
New Haven, CT 06510

Forrest B. Lammiman, Esq.
Lord, Bissell & Brook
115 S. LaSalle Street
Chicago, Illinois 60603

David N. Rosen, Esq.
400 Orange Street
New Haven, CT 06511

Graham Matherne, Esq.
Wyatt Tarrant & Combs
2525 West End Avenue, Suite 1500
Nashville, Tennessee 37203

Charles G. Copeland, Esq.
Copeland, Cook, Taylor & Bush, P.A.
1062 Highland Colony Parkway, Ste. 200
P.O. Box 6020
Ridgeland, Mississippi 39157

_____
JULIE G. TURBERT
ASSISTANT U.S. ATTORNEY