UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil No. 3:02CV889 (EBB) |
| | : | |
| 277 DIAMONDS VALUED AT | : | |
| APPROXIMATELY $2,461,093.00, | : | |
| | : | |
| ONE (1) PAIR OF DIAMOND EARRINGS, | : | |
| VALUED AT APPROXIMATELY | : | |
| $50,120.00, | : | |
| | : | |
| AND | : | September 9, 2004 |
| | : | |
| ONE (1) PLATINUM AND DIAMOND | : | |
| RING VALUED AT APPROXIMATELY | : | |
| $25,935.00, | : | |
| | : | |
| Defendants. | : | |
| | : | |
| [CLAIMANT:  DAVID ROSSE] | : | |

PLAINTIFF UNITED STATES OF AMERICA'S
MEMORANDUM IN SUPPORT OF
MOTION FOR INTERLOCUTORY SALE

I.      INTRODUCTION AND JURISDICTION OF THE COURT

Plaintiff, United States of America, hereby moves the Court to order the interlocutory sale

of the Defendant 277 Diamonds Valued at Approximately $2,461,093.00, one (1) Pair of

Diamond Earrings Valued at Approximately $50,120.00, and one (1) Platinum and Diamond

Ring Valued at Approximately $25,935.00 ("Defendant Diamonds and Diamond Jewelry")

which have been seized pursuant to federal forfeiture law.  This in rem action was brought to

enforce the provision of 18 U.S.C. §§ 981(a)(1)(A) and (C), which provide for the forfeiture of

property involved in a financial transaction, or attempted transaction, in a violation of Title 18, United States Code, Sections 1956 and 1957.   This Court has jurisdiction over this matter by virtue of 28 U.S.C. §§ 1345 and 1355.

II.    PROCEDURAL HISTORY

The Defendant Diamonds and Diamond Jewelry were recovered by the Government during the course of criminal investigation against Martin Frankel and others.  Plaintiff filed a Verified Complaint of Forfeiture against the Defendant Diamonds and Diamond Jewelry on May 22, 2002, and on June 12, 2002, Warrants of Arrest in rem were served on the Defendant Diamonds and Diamond Jewelry by the Internal Revenue Service Criminal Investigation.

On June 3, 4, and 5, 2002, notice of this forfeiture action was published in the Hartford Courant newspaper.  On May 28, 2002, Plaintiff served David Rosse's criminal attorney with a Notice of Lawsuit and Request for Waiver of Service of Process, a copy of the Verified Complaint of Forfeiture, and three (3) Warrants of Arrest in rem.  By correspondence dated March 21, 2003, counsel for the Plaintiff again requested that David Rosse's criminal attorney waive personal service and forwarded a Notice of Lawsuit and Request for Waiver of Service of Process, a copy of the Verified Complaint of Forfeiture, and three (3) Warrants of Arrest in rem. On August 25, 2004, the Internal Revenue Service Criminal Investigation personally served David Rosse with the Verified Complaint of Forfeiture and three (3) Warrants of Arrest in rem at Nellis Federal Prison Camp in Las Vegas, Nevada.

On March 14, 2003, George Dale, Mississippi Commissioner of Insurance, as Liquidator of and on behalf of First National Life Insurance Company, Franklin Protective Life Insurance

Company, and Family Guaranty Life Insurance Company filed a verified statement of interest, and on March 26, 2003, filed an answer and counterclaim.

On March 17, 2003, Commissioner Paula A. Flowers, Receiver of Franklin American Life Insurance Company, by and through Special Deputy Receiver J. Knox Walkup, filed a verified claim.

On March 19, 2003, Insurance Commissioner Carroll Fisher, as Receiver of Farmers and Ranchers Life Insurance Company filed a verified claim, answer, and counterclaim.

On March 21, 2003, Director Scott B. Lakin, Statutory Liquidator of International Financial Services Life Insurance Company, filed a verified claim, and on August 24, 2003, filed an answer, and counterclaim.

On April 10, 2003, Peoples Benefit Life Insurance Company and Veterans Life Insurance Company, filed a verified statement of interest and answer.

On April 10, 2003, Huff-Cook, Inc., in the right of and on behalf of Settlers Life Insurance Company, filed a verified statement of interest and answer.

On March 26, 2003, Commissioner Mike Pickens, as Receiver of Old Southwest Life Insurance Company, by and through Deputy Receiver Steve A. Uhrynowycz, filed a verified claim and answer.

William T. Koch, Jr., counsel for Martin Frankel has indicated that he consents to the interlocutory sale of the diamonds.

On September 2, 2004, undersigned counsel for the United States contacted David Rosse by telephone at Nellis Federal Prison Camp in Las Vegas, Nevada to ascertain his position on the motion for interlocutory sale. Mr. Rosse indicated that he has no objection to the motion.

Attorney Douglas J. Schmidt, a representative of Commissioner George Dale,

Commissioner Paula Flowers, Commissioner Carroll Fisher, Liquidator Scott Lakin, and

Commissioner Mike Pickens, has indicated that he consents to the interlocutory sale.

Forrest B. Lammiman, counsel for Peoples Benefit Life Insurance Company, Veterans

Life Insurance Company, and Huff Cook, Inc., on behalf of Settlers Life Insurance Company,

also indicated that he consents to the interlocutory sale.

III.    ARGUMENT:  THE DEFENDANT DIAMONDS AND DIAMOND JEWELRY
        SHOULD BE SOLD IN AN INTERLOCUTORY SALE TO PRESERVE THEIR
        VALUE PENDING A DECISION ON THE FORFEITURE CLAIM

When certain conditions are present, the Court has authority under three statutory

provisions to order an interlocutory sale of property that is subject to civil forfeiture prior to a

final adjudication on the Government's forfeiture claim.

    A.    Statutory Authority

        1.    The Supplemental Rules for Certain Admiralty and Maritime Claims

The Supplemental Rules for Certain Admiralty and Maritime Claims generally apply to

civil in rem forfeitures.  See 28 U.S.C. § 2461(b); United States v. $506,231 in United States

Currency, 125 F.3d 442, 449 n.5 (7th Cir. 1997) ("The Supplemental Rules are applicable to civil

forfeiture proceedings pursuant to 28 U.S.C. § 2461(b)").

Supplemental Rule A states that:

> These rules also apply to the procedure in statutory condemnation
> proceedings analogous to maritime actions *in rem*, whether within the
> admiralty and maritime jurisdiction or not.  Except as otherwise provided,
> references in these Supplemental Rules to actions *in rem* include such
> analogous statutory condemnation proceedings.

4

Civil forfeiture actions are such "analogous statutory condemnation proceedings" covered by the

Supplemental Rules. See  United States v. All Right, Title and Interest in Contents of Following

Accounts at Morgan Guar. Trust Co. of New York, 1996 WL 695671 *5 (S.D.N.Y. Dec. 5, 1996)

("A civil forfeiture proceeding is a type of in rem action within the meaning of 'statutory

condemnation proceedings analogous to maritime actions in rem' as set forth in Supplemental

Rule A."); see also United States v. U.S. Currency in the Amount of $2,857, 754 F.2d 208, 210

n.2 (7th Cir. 1985).

> Supplemental Rule E(9)(b) provides:
>
>> (i) On application of a party, the marshal, or other person having custody of the property, the court may order all or part of the property sold—with the sales proceeds, or as much of them as will satisfy the judgment, paid into court to await further orders of the court—if:
>>
>>> (A) the attached or arrested property is perishable, or liable to deterioration, decay or injury by being detained in custody pending the action;
>>>
>>> (B) the expense of keeping the property is excessive or disproportionate; or
>>>
>>> (C) there is an unreasonable delay in securing release of the property.

See United States v. One Parcel of Real Property Described as Lot 41, Berryhill Farm Estates,

128 F.3d 1386, 1389-90 (motion for interlocutory sale filed under Supp. R. E(9)(b)); United

States v. 8 Princess Court, 970 F.2d 1156, 1160 (2d Cir. 1992) (Supp. R. E(9)(b) authorized

interlocutory sale).

2.    Customs Laws

Other statutory authority for interlocutory sales is found in the customs statute, 19 U.S.C.

§ 1612(a). Section 1612(a) is incorporated with other pertinent customs statutes by 21 U.S.C. §

881(d), 18 U.S.C. § 981(d), and 18 U.S.C. § 2254(d) to the extent it is "applicable and not

inconsistent" with those civil forfeiture provisions. See United States v. One Parcel of Property

Located at 414 Kings Highway, 128 F.3d 125, 127 n.2 (2d Cir. 1997) (19 U.S.C. § 1612 applies

to forfeitures under 21 U.S.C. § 881). Section 1612(a), which is similar to Rule E(9)(b), also

authorizes interlocutory sales when property becomes subject to diminishing value:

> Whenever it appears to the Customs Service that any vessel, vehicle,
> aircraft, merchandise, or baggage seized under the customs laws is liable
> to perish or to waste or to be greatly reduced in value by keeping, or that
> the expense of keeping the same is disproportionate to the value thereof,
> and such [**PROPERTY**]… has not been delivered under bond…[**AND IS NOT
> SUBJECT TO ADMINISTRATIVE FORFEITURE**], the Customs Service shall
> forthwith transmit its report of the seizure to the United States attorney,
> who shall petition the court to order an immediate sale of such vessel,
> vehicle, aircraft, merchandise, or baggage, and if the ends of justice
> require it the court shall order such immediate sale, the proceeds thereof to
> be deposited with the court to await the final determination of the
> condemnation proceedings….

19 U.S.C. § 1612(a); cf. United States v. 8.4 Acres of Land Located in Little River Township,

823 F.2d 546, 1987 WL 38057 *2 (4th Cir. May 20, 1987) (Table) (interlocutory sale stayed

upon posting of bond).

3.    Civil Asset Forfeiture Reform Act of 2000

In addition to the explicit provisions above, 18 U.S.C. § 983(j), enacted as part of the

Civil Asset Forfeiture Reform Act of 2000, also provides general authority for interlocutory

sales.  Section 983(j) enables courts to take any "action to…preserve the availability of property

subject to civil forfeiture." 18 U.S.C. § 983(j)(1). Interlocutory sales are intended for that very purpose—to preserve the value of property that is subject to forfeiture.

      B.      <u>The Conditions for an Interlocutory Sale Are Present</u>

The United States seeks to liquidate the diamonds at this time so that when these civil forfeiture actions are resolved, there will be no further delay in their resolution as it will take several months to coordinate the interlocutory sale. As reflected above, persons and entities known to have an interest or potential interest in this case have been contacted and have expressed their consent to an interlocutory sale. In addition, the United States seeks to sell the Defendant Diamonds and Diamond Jewelry along with other diamonds that Martin Frankel had in his possession when he was captured in Germany.

The Insurance Receivers mentioned above, Commissioner George Dale, Commissioner Paula Flowers, Commissioner Carroll Fisher, Liquidator Scott Lakin, and Commissioner Mike Pickens, have recovered these diamonds from the German authorities and have recently transported the diamonds back to the United States. The United States and the Insurance Receivers are in the process of planning a joint public auction which will be conducted by the Internal Revenue Service's property management contractor, EG&G Technical Services, Inc. While the public auction will be conducted jointly, there will be a separate accounting for the Defendant Diamonds and Diamond Jewelry and the diamonds recovered by the Insurance Receivers.

These factors demonstrate the need for an interlocutory sale to preserve the diamonds' value and to convert the diamonds to cash pending a determination of the Government's forfeiture claims.

C.    Methods Employed to Sell Real Property

The Internal Revenue Service Criminal Investigation routinely utilizes the services of a property management company, EG&G Technical Services, Inc., to manage seized assets, and to sell assets once they are forfeited to the United States.[1]  Personal assets, such as diamonds and jewelry, are typically sold at public auction to obtain fair market price and to minimize transaction costs.  In April of 2001, EG&G Technical Services, Inc. conducted the public auction of the interlocutory sale of the vehicles in the Frankel-related case entitled United States v. 1995 Turbo Commander Aircraft, et al., Civil No. 3:99CV2590 (EBB).  The auction resulted in gross revenue of approximately $900,000.

Upon the Court's order, the Internal Revenue Service Criminal Investigation, through its independent contract with EG&G Technical Services, Inc., plans to sell the Defendant Diamonds and Diamond Jewelry, along with the Insurance Receivers' diamonds, by public auction in New York City in early December, 2004.  According to the research conducted by EG&G Technical Services, Inc., early December is an opportune time to conduct such a public auction.  EG&G Technical Services, Inc. has formulated a marketing and sale plan which involves extensive advertising and press coverage for the public auction which will be held at a major venue in New York City.

Upon completion of the public auction, the United States will deposit in the United States Customs Suspense Account the net proceeds remaining from the sale after all costs attributable to

---

[1]In this instance, EG&G Technical Services would sell these assets prior to any decree of forfeiture being entered in favor of the Plaintiff United States of America.

the marketing and sale of the Defendant Diamonds and Diamond Jewelry are paid.  Any

additional appropriate costs, as determined by the Court or by agreement of the parties,

associated with the seizure, forfeiture, and maintenance of the Defendant Diamonds and

Diamond Jewelry will be deducted from the net sale proceeds on deposit in the United States

Customs Suspense Account at the time this action is adjudicated.

    IV.    <u>CONCLUSION</u>

The Plaintiff United States of America has demonstrated the need for the immediate

interlocutory sale of the Defendant Diamonds and Diamond Jewelry.  All known interested

parties and potential parties have been contacted and have indicated that they have no objection

to the interlocutory sale.  The sale, pursuant to the terms and conditions ordered by the Court, is a

reasonable step to be taken to protect the interest of all claimants during the pendency of the civil

forfeiture proceeding.

The Plaintiff United States of America respectfully requests that its Motion for

Interlocutory Sale be granted.

           Respectfully submitted,

           KEVIN J. O'CONNOR
           UNITED STATES ATTORNEY


           _____
           JULIE G. TURBERT
           ASSISTANT U.S. ATTORNEY
           P.O. BOX 1824
           NEW HAVEN, CT  06508
           (203) 821-3700
           FEDERAL BAR # ct23398

CERTIFICATE OF SERVICE

This is to certify that a copy of the within and foregoing Memorandum in Support of

Motion for Interlocutory Sale has been mailed, postage prepaid, on this 9th day of September,

2004, to:

David Rosse
Inmate No. 13723-014
Nellis Federal Prison Camp
8221 Seymour Johnson Avenue
Las Vegas , NV 89191

William T. Koch, Jr., Esq.
151 Brush Hill Rd.
Lyme, CT 06371

Douglas J. Schmidt, Esq.
Blackwell Sanders Peper Martin, LLP
2300 Main Street, Suite 1000
Kansas City, Missouri 64108

Douglas S. Skalka, Esq.
Neubert, Pepe & Monteith
195 Church Street
New Haven, CT 06510

Forrest B. Lammiman, Esq.
Lord, Bissell & Brook
115 S. LaSalle Street
Chicago, Illinois 60603

David N. Rosen, Esq.
400 Orange Street
New Haven, CT 06511

Graham Matherne, Esq.
Wyatt Tarrant & Combs
2525 West End Avenue, Suite 1500
Nashville, Tennessee 37203

Charles G. Copeland, Esq.
Copeland, Cook, Taylor & Bush, P.A.
1062 Highland Colony Parkway, Ste. 200
P.O. Box 6020
Ridgeland, Mississippi 39157

_____
JULIE G. TURBERT
ASSISTANT U.S. ATTORNEY