UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA <br><br> Plaintiff, <br><br> v. <br><br> $29,035,500 IN ACCOUNT NUMBER 20X6875(06), HELD IN THE NAME OF U.S. CUSTOMS SUSPENSE ACCOUNT AT THE FEDERAL RESERVE BANK OF NEW YORK, et al. <br><br> Defendants. | Civil No. 3:01 CV 1515 (EBB) |
| UNITED STATES OF AMERICA <br><br> Plaintiff, <br><br> v. <br><br> 277 DIAMONDS VALUED AT APPROXIMATELY $2,461,093.00, et al. <br><br> Defendants. | Civil No. 3:02 CV 889 (EBB) |

### NOTICE OF RULE 30(b)(6) DEPOSITION

TO:   James A. Lenes
      Newbert, Pepe & Monteith
      195 Church St.
      13th Floor
      New Haven, CT 06510

PLEASE TAKE NOTICE that HUFF-COOK, INC., PEOPLES BENEFIT LIFE INSURANCE COMPANY AND VETERANS LIFE INSURANCE COMPANY will take the deposition of a designee of Kim Holland, both in her official capacity and as Receiver of Farmers & Ranchers Life Insurance Company ("Department of Insurance" or "you") before a notary public pursuant to Federal Rule of Civil Procedure 30(b)(6) and any other applicable Federal Rules of Civil Procedure at the office of David N. Rosen, 400 Orange Street, New Haven, CT 06511, or an alternative mutually convenient location, on March 24, 2005 at 10:00 a.m.

## Definitions

1. "Frankel" means Martin Frankel (a/k/a Marty Frankel, Martin R. Frankel, David Rosse, David Rossi, David Ross, Mark Shuki, Michael King, Mike King, Martin King, William Kok, Eric Stevens, Will Stevens, David Stevens, Marty Rothschild and Robert Guyer), and any and all other persons or entities acting (or who or that acted) or purporting to act (or who or that purported to act) on behalf of any of the aforementioned persons.

2. "FRLIC" means Farmers & Ranchers Life Insurance Company and its predecessor(s) in interest, parent(s), subsidiaries, affiliates, assignees and licensees, and the directors, officers, employees, attorneys and agents of any of them, including, without limitation, any and/or all other persons or entities acting (or who or that acted) or purporting to act (or who or that purported to act) on behalf of any of the aforementioned entities or persons.

3. "LNS" means Liberty National Securities, Inc. (or any person or entity having a substantially similar name) and its predecessor(s) in interest, parent(s), subsidiaries, affiliates, assignees and licensees, and the directors, officers, employees, attorneys and agents of any of them, including, without limitation, any and/or all other persons or entities acting (or who or that acted) or purporting to act (or who or that purported to act) on behalf of any of the aforementioned entities or persons.

4. "FNL" means First National Life Insurance Company (or any person or entity having a substantially similar name) and its predecessor(s) in interest, parent(s), subsidiaries, affiliates, assignees and licensees, and the directors, officers, employees, attorneys and agents of any of them, including, without limitation, any and/or all other persons or entities acting (or who or that acted) or purporting to act (or who or that purported to act) on behalf of any of the aforementioned entities or persons.

5. "Settlers" means Huff Cook, Inc., in the right of and on behalf of Settlers Life Insurance Company (or any person or entity having a substantially similar name) and its predecessor(s) in interest, parent(s), subsidiaries, affiliates, assignees and licensees, and the directors, officers, employees, attorneys and agents of any of them, including, without limitation, any and/or all other persons or entities acting (or who or that acted) or purporting to act (or who or that purported to act) on behalf of any of the aforementioned entities or persons.

6. "Peoples" means Peoples Benefit Life Insurance Company (or any person or entity having a substantially similar name) and its predecessor(s) in interest, parent(s), subsidiaries, affiliates, assignees and licensees, and the directors, officers, employees, attorneys and agents of any of them, including, without limitation, any and/or all other persons or entities acting (or who or that acted) or purporting to act (or who or that purported to act) on behalf of any of the aforementioned entities or persons.

7. "Veterans" means Veterans Life Insurance Company (or any person or entity having a substantially similar name) and its predecessor(s) in interest, parent(s), subsidiaries, affiliates, assignees and licensees, and the directors, officers, employees, attorneys and agents of any of them, including, without limitation, any and/or all other persons or entities acting (or who or that acted) or purporting to act (or who or that purported to act) on behalf of any of the aforementioned entities or persons.

**Topics of Examination**

The Department of Insurance is to produce for examination the witness or witnesses to testify on its behalf on the following subjects:

1. All communications between the Department of Insurance and Frankel.

2. All communications between the Department of Insurance and John Hackney.

3. All communications between the Department of Insurance and Gary Atnip.

4.   All communications between the Department of Insurance and FNL.

5.   All communications between the Department of Insurance and LNS.

6.   All communications between the Department of Insurance and M. Thurston Little.

7.   The sources and origins of the property that is the subject of *United States v. $29,035,500 in Account Number 20X6875(06), et al.*, Civil No. 3:01 CV 1515, including (without limitation) all facts pertaining to FNL, Settlers, Peoples and Veterans as sources of any such property.

8.   The sources and origins of the property that is the subject of *United States v. 277 Diamonds, et al.*, Civil No. 3:02 CV 889, including (without limitation) all facts pertaining to FNL, Settlers, Peoples and Veterans as sources of any such property.

9.   Funds received directly or indirectly by Atnip, Hackney, and/or John Jordan from Account Number 70026 at Banque SCS Alliance.

10.  Communications between FRLIC and LNS.

11.  Dreyfus Cash Management Account No. 719-079-1438435 at the Bank of New York.

12.  All allegations set forth in any complaint or other pleading filed by you or on your behalf in any of the following cases:

   a.   *Larkin, et al. v. Prudential Institutional Liquidity Portfolio, Inc., et al.*, Case No. 01-CV-4163-NKL consolidated with Case No. 02-4090-CV-C-NKL (W.D. Mo.);

   b.   *Larkin, et al. v. Prudential Institutional Liquidity Portfolio, Inc., et al.*, Case No. 02 CV 3593 (S.D.N.Y.);

   c.   *Dale, et al. v. Frankel, et al.*, Case No. 3: 00 CV 359 LN (S.D. Miss.);

   d.   *Dale vs. Colagiovanni, et al.*, Case No. 3:01 CV 663 BN (S.D. Miss.);

   e.   *Dale, et al. v. Banque SCS Alliance, SA, et al.*, Case No. 02 CIV 3592, (S.D.N.Y.);

   f.   *Dale, et al. v. First American National Bank, et al.*, Case No. 251-02990 CIV, Circuit Court of the First Judicial District Hinds County, Mississippi;

g. *Amsouth Bank v. Dale, et al.*, Case No. 03 02 0677, (M.D. Tenn.);

h. *First Tennessee Bank v. Dale*, et al., Case No. 03 02 0683, (M.D. Tenn.);

i. *Dale, et al. v. ALA Acquisitions, Inc., et. al.*, Case No. 3:00 CV 359 LN, (S.D. Miss.);

j. *Dale, et al v. Ford, et al*, Case No. 3:03-CV-00658-HTW-JCS, (S.D. Miss.).

13. Factual issues relating to the matters addressed in the Requests for Admission served upon you by Peoples, Veterans, and Settlers.

14. Any funds the Department of Insurance contends are missing from FRLIC, including, but not limited to, the funds shown on any exhibits presented at Frankel's sentencing hearing.

15. Transactions and communications between (a) FNL and (b) any of (i) Settlers, (ii) Peoples and (iii) Veterans.

Dated: March 10, 2005

PEOPLES BENEFIT LIFE INSURANCE
COMPANY, VETERANS LIFE INSURANCE
COMPANY, HUFF-COOK, INC.

*Brian Hays* by *Jennifer Gallagher*
David N. Rosen (00196)
400 Orange Street
New Haven, CT 06511
Telephone: (203) 787-3513
Telecopy: (203) 789-1605
*Of Counsel*

Forrest B. Lammiman (CT 21508)
Randall A. Hack (CT 14314)
Brian I. Hays (CT 21601)
LORD, BISSELL & BROOK LLP
115 S. LaSalle Street
Chicago, IL 60603
Telephone: (312) 443-0700
Facsimile: (312) 443-0336

CHI1 1041012v1

## CERTIFICATE OF SERVICE

Jennifer Gallagher, an attorney, hereby certifies that on March 10, 2005, a true and correct copy of the foregoing **Notice of Rule 30(b)(6) Deposition** was served via Federal Express, to the following:

| | |
|---|---|
| **Plaintiff U.S.A.**<br>John Hughes<br>Assistant U.S. Attorney<br>U.S. Attorney's Office<br>157 Church Street<br>P.O. Box 1824<br>23rd Floor<br>New Haven, CT   06510<br>(203) 821-3700 | |
| **Claimants**<br>James A. Lenes, Esq.<br>Douglas S. Skalka, Esq.<br>Neubert, Pepe, Monteith<br>195 Church Street<br>13th Floor<br>New Haven, CT   06510-2026<br>(203) 821-2000 | Susan Loving, Esq.<br>Lest, Loving & Davies<br>1701 South Kelly<br>Edmund, OK   73013 |
| Andrew B. Campbell, Esq.<br>Graham Matherne, Esq.<br>Wyatt Tarrant & Combs<br>2525 West End Avenue<br>Suite 1500<br>Nashville, TN   37203<br>(615) 244-0020 | Charles G. Copeland, Esq.<br>Copeland, Cook, Taylor & Bush, P.A.<br>1062 Highland Colony Parkway<br>Suite 200<br>P. O. Box  6020<br>Ridgeland, MS   39157 |
| Douglas J. Schmidt, Esq.<br>Blackwell Sanders Peper Martin, LLP<br>2300 Main Street<br>Suite 1000<br>Kansas City, MO   64108 | |

_Jennifer Gallagher_
Jennifer Gallagher