698 N.E.2d 598                                                                                                                                  Page 1
298 Ill.App.3d 411, 698 N.E.2d 598, 232 Ill.Dec. 507
**(Cite as: 298 Ill.App.3d 411, 698 N.E.2d 598, 232 Ill.Dec. 507)**

**Briefs and Other Related Documents**

Appellate Court of Illinois,
First District, Fifth Division.
In re Liquidation of CORONET INSURANCE
COMPANY, et al. (The People of the State
of Illinois ex rel. Mark Boozell, Director of Insurance
for the State of
Illinois, as Liquidator of Coronet Insurance
Company, Plaintiff-Appellant;
Illinois Insurance Guaranty Fund, Intervenor-
Appellant, v. Coronet Insurance
Company, an Illinois Insurance Company, National
Assurance Indemnity Company,
an Illinois Insurance Company, and Crown Casualty
Company, an Illinois
Insurance Company, Defendants; David Kreisman &
Associates, Claimant-
Appellee).
**Nos. 1-97-2332, 1-97-2523.**

July 24, 1998.

Attorney allegedly owed fees and costs by an insolvent insurer asserted a common law retaining lien after the liquidator demanded the return of all of his insurer litigation files. The Circuit Court, Cook County, Ellis E. Reid, J., allowed the attorney to assert the lien, concluded that he was a secured creditor, assessed his claim at $73,677.10, and adjudged him a first-priority administrative claimant entitled to immediate payment. Appeal was taken. The Appellate Court, Hourihane, J., held that: (1) a common law retaining lien may not be asserted in a proceeding to liquidate an insolvent insurer; (2) the attorney was a seventh-priority general creditor; and (3) the trial court could not use its equitable powers to augment that priority.

Reversed and remanded.

West Headnotes

**[1] Attorney and Client** 🔑 **174**
45k174 Most Cited Cases
Common law retaining lien may not be asserted against an insolvent insurer in a liquidation action under the Insurance Code. S.H.A. 215 ILCS 5/189, 191.

**[2] Statutes** 🔑 **181(1)**
361k181(1) Most Cited Cases

**[2] Statutes** 🔑 **188**
361k188 Most Cited Cases
Primary purpose of statutory construction is to ascertain and effectuate the intention of the legislature, the most reliable indication of which is the very language employed.

**[3] Statutes** 🔑 **188**
361k188 Most Cited Cases

**[3] Statutes** 🔑 **205**
361k205 Most Cited Cases
Words of a statute are to be given their plain and ordinary meaning, and each provision considered in light of all others.

**[4] Statutes** 🔑 **230**
361k230 Most Cited Cases
Different provisions of the same amendatory act must be read so as to harmonize and give effect to each, if possible.

**[5] Statutes** 🔑 **181(2)**
361k181(2) Most Cited Cases

**[5] Statutes** 🔑 **206**
361k206 Most Cited Cases
Construction of a statute which does not give effect to a certain provision or which tends to promote inconsistency among provisions is to be avoided.

**[6] Attorney and Client** 🔑 **171**
45k171 Most Cited Cases

**[6] Attorney and Client** 🔑 **182(3)**
45k182(3) Most Cited Cases
"Common law retaining lien" is a possessory lien in favor of an attorney for unpaid fees, and exists on all papers or documents of the client placed in the attorney's hands in his professional character or in the course of his employment.

**[7] Attorney and Client** 🔑 **182(3)**
45k182(3) Most Cited Cases
Common law retaining lien allows an attorney to

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 3:02-cv-00889-EBB    Document 50-10    Filed 06/03/2005    Page 2 of 6

698 N.E.2d 598                                                                                          Page 2
298 Ill.App.3d 411, 698 N.E.2d 598, 232 Ill.Dec. 507
**(Cite as: 298 Ill.App.3d 411, 698 N.E.2d 598, 232 Ill.Dec. 507)**

retain possession of a client's files until such time as his fees are paid or adequate security posted.

**[8]** Insurance 🔑 1414
217k1414 Most Cited Cases
Court could not use its equitable powers to adjudge an attorney allegedly owed fees and costs by an insolvent insurer a second-priority secured creditor or a first-priority administrative claimant of the insurer, where the attorney was a seventh-priority general creditor under the Insurance Code's liquidation scheme. S.H.A. 215 ILCS 5/205, 205(1)(b).

**[9]** Insurance 🔑 1414
217k1414 Most Cited Cases
Attorney allegedly owed fees and costs by an insolvent insurer was a seventh-priority general creditor under the Insurance Code's liquidation scheme. S.H.A. 215 ILCS 5/205(1)(b).

**[10]** Insurance 🔑 1378
217k1378 Most Cited Cases
Court presiding over an insurer liquidation action is vested with only as much authority as is provided by the Insurance Code; equitable remedies in contradiction to those plainly set forth within the Insurance Code are therefore precluded. S.H.A. 215 ILCS 5/205.

**[11]** Insurance 🔑 1389
217k1389 Most Cited Cases
Attorney allegedly owed fees and costs by an insolvent insurer had no right to a hearing before the liquidation court to establish the amount and priority of his claim. S.H.A. 215 ILCS 5/208, 209.

**[12]** Insurance 🔑 1399
217k1399 Most Cited Cases
Attorney allegedly owed fees and costs by an insolvent insurer had no right to be paid before the claim bar date. S.H.A. 215 ILCS 5/210.

**[13]** Insurance 🔑 1399
217k1399 Most Cited Cases
Orders which elevated to first-priority status an attorney allegedly owed fees and costs by an insolvent insurer violated the purpose of the liquidation provisions of the Insurance Code, which is to protect individual policyholders and other claimants without permitting certain classes of creditors to place themselves in a superior position; thus, the orders were improper. S.H.A. 215 ILCS 5/187 et seq.

**\*\*599 \*412 \*\*\*508** Glenn Seiden and Michael H. Walsh, David Kreisman & Associates, Chicago, for Claimant-Appellee.

Peter G. Gallanis, Dale A. Coonrod, Counsel to the Liquidator, Chicago, James R. Stinson, William M. Sneed, Ellen S. Robbins, Erin E. Kelly, Sidley & Austin, Chicago, R.R. McMahan, Rowe W. Snider, Brian T. Garelli, Lord, Bissell & Brook, Chicago, for Intervenor-Appellant.

Joseph C. Tanski, Hutchins, Wheeler & Dittmar, Boston, MA, Amicus Curiae.

Justice HOURIHANE delivered the opinion of the court:

Plaintiff People of the State of Illinois *ex rel.* Mark Boozell, Director of Insurance for the State of Illinois, and intervenor Illinois Insurance Guaranty Fund appeal from an order of the circuit court adjudging David Kreisman & Associates (DKA) a first-priority administrative claimant under section 205 of the Illinois Insurance Code (215 ILCS 5/205 (West 1996)). Together, plaintiff, intervenor and *amicus curiae* National Conference of Insurance Guaranty Funds raise several contention**\*\*600 \*\*\*509** on appeal. For the reasons that follow, we reverse and remand.

**\*413 BACKGROUND**
On December 10, 1996, plaintiff filed a verified complaint for conservation of assets and injunctive relief against defendant Coronet Insurance Company. Shortly thereafter, an agreed order was entered adjudging Coronet insolvent and placing same under the control and direction of plaintiff for purposes of liquidation.

DKA was later notified by plaintiff that its association with Coronet, as one of its attorneys, was concluded as of December 24, 1996, and that all Coronet litigation files in its possession must be returned. DKA resisted, arguing that because it was owed attorney fees and costs from Coronet, a common law retaining lien attached to those files, thus permitting it to continue in possession thereof until paid. Plaintiff objected, whereupon DKA petitioned the circuit court for "a deposit or security in lieu of the firm's retaining lien for fees and costs owed." Following a hearing, the circuit court entered an order requiring DKA to release its Coronet litigation files to plaintiff, without prejudice to its assertion of a common law retaining lien. The matter then proceeded to a hearing on the ability of DKA to assert a common law retaining lien.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 3:02-cv-00889-EBB   Document 50-10   Filed 06/03/2005   Page 3 of 6

698 N.E.2d 598                                                                                    Page 3
298 Ill.App.3d 411, 698 N.E.2d 598, 232 Ill.Dec. 507
**(Cite as: 298 Ill.App.3d 411, 698 N.E.2d 598, 232 Ill.Dec. 507)**

In support of such a lien, DKA argued that pursuant to *In re Liquidation of Prestige Casualty Co.,* 276 Ill.App.3d 698, 213 Ill.Dec. 420, 659 N.E.2d 50 (1995), and *In re Liquidation of Mile Square Health Plan of Illinois,* 218 Ill.App.3d 674, 161 Ill.Dec. 429, 578 N.E.2d 1075 (1991), its common law retaining lien was well-taken, and that subsequent amendments to certain sections of the Insurance Code "did not expressly or impliedly overrule" that authority.

Plaintiff responded in opposition, arguing that to require the posting of security, as requested, would be the equivalent of allowing DKA to obtain the priority of a secured creditor *after* the filing of the complaint for conservation. Such a result, according to plaintiff, would contravene the explicit distribution priorities set forth within section 205(1)(b) of the Insurance Code, which assigns such preferred priority only to those claims "that are secured by liens perfected *prior* to the filing of the complaint." (Emphasis added.) 215 ILCS 5/205(1)(b)(West 1996).

Plaintiff further argued that the plain language of amended sections 189 and 191 of the Insurance Code (215 ILCS 5/189, 191 (West 1996)) preclude common law retaining liens, and thus overrule *In re Liquidation of Prestige Casualty Co.* and *In re Liquidation of Mile Square Health Plan of Illinois* insofar as each affirms the continued viability of common law retaining liens in liquidation actions.

Finally, plaintiff argued that public policy considerations militate against the allowance of such liens in that requiring the posting of **\*414** such security "could soon render the estate unable to pay more deserving creditors under the statutory priority scheme, namely the insureds."

On April 7, 1997, after entertaining arguments from counsel, the circuit court held that DKA was entitled to assert a common law retaining lien against the Coronet estate. The circuit court further adjudged DKA a secured creditor of the Coronet estate. Also scheduled at that time was another hearing, wherein the circuit court would assess the value of the aforementioned secured claim.

Plaintiff duly moved for reconsideration. Plaintiff also argued that resolution of the aforementioned lien required more than simply conducting a hearing thereon. According to plaintiff, section 209 of the Insurance Code (215 ILCS 5/209 (West 1996)) sets forth "a comprehensive set of procedures respecting the filing and determination of claims against an insolvent insurer," procedures wholly ignored by both DKA and the circuit court.

Prior to the entry of a final order, intervenor was granted leave to join the underlying litigation. It also moved the circuit court to reconsider its adjudication of DKA as a second-priority secured creditor. Intervenor argued that a common law retaining lien "is a possessory lien that merely gives the attorney a right to retain the litigation files in his or her possession * * *," and therefore the holder of such cannot be deemed a secured **\*\*601 \*\*\*510** creditor. It further argued that the circuit court was without authority to rely upon general equitable principles to alter the specific distribution priorities set forth within section 205 of the Insurance Code. Like plaintiff, intervenor maintained that *In re Liquidation of Prestige Casualty Co.* and *In re Liquidation of Mile Square Health Plan of Illinois* had been overruled by the amendments to sections 189 and 191 of the Insurance Code insofar as the former affirmed the continued viability of common law retaining liens in liquidation actions.

A hearing was held on May 20, 1997. Therein, the circuit court assessed DKA's secured claim at $73,677.10. The circuit court further adjudged DKA a first-priority administrative claimant, and therefore immediately payable.

## DISCUSSION
### I.

[1] Plaintiff, intervenor and *amicus curiae* raise several contentions regarding the effect of certain amendments to the Insurance Code, the most important of which concern the continued viability of common law retaining liens in liquidation actions. Specifically, each contends that sections 189 and 191 of the Insurance Code, as amended, abolished the common law retaining lien in liquidation actions.

[2][3][4][5] **\*415** The primary purpose of statutory construction is to ascertain and effectuate the intention of the legislature, the most reliable indication of which is the very language employed. *In re S.G.,* 175 Ill.2d 471, 480, 222 Ill.Dec. 386, 677 N.E.2d 920 (1997); *People v. Woodard,* 175 Ill.2d 435, 443, 222 Ill.Dec. 401, 677 N.E.2d 935 (1997). To that end, words are to be given their plain and ordinary meaning, and each provision considered in light of all others. *Barnett v. Zion Park District,* 171 Ill.2d 378, 389, 216 Ill.Dec. 550, 665 N.E.2d 808 (1996). Indeed, different provisions of the same amendatory act must be read so as to harmonize and

Case 3:02-cv-00889-EBB   Document 50-10   Filed 06/03/2005   Page 4 of 6

698 N.E.2d 598                                                                                                                Page 4
298 Ill.App.3d 411, 698 N.E.2d 598, 232 Ill.Dec. 507
**(Cite as: 298 Ill.App.3d 411, 698 N.E.2d 598, 232 Ill.Dec. 507)**

give effect to each, if possible. See *People ex rel. Funk v. Hagist,* 401 Ill. 536, 541, 82 N.E.2d 21 (1948); *People ex rel. Little v. Peoria & Eastern Ry. Co.,* 383 Ill. 79, 88, 48 N.E.2d 518 (1943); *People ex rel. Vuagniaux v. City of Edwardsville,* 284 Ill.App.3d 407, 413, 219 Ill.Dec. 725, 672 N.E.2d 40 (1996). Likewise, a construction which does not give effect to a certain provision or which tends to promote inconsistency among provisions is to be avoided. *In re Marriage of Lasky,* 176 Ill.2d 75, 79-80, 223 Ill.Dec. 27, 678 N.E.2d 1035 (1997).

[6][7] A common law retaining lien is a possessory lien in favor of an attorney for unpaid fees, and "exists on all papers or documents of the client placed in the attorney's hands in his professional character or in the course of his employment * * *." *Sanders v. Seelye,* 128 Ill. 631, 637-38, 21 N.E. 601 (1889). Such a lien allows an attorney to retain possession of a client's files until such time as his fees are paid or adequate security posted. *In re Liquidation of Mile Square Health Plan of Illinois,* 218 Ill.App.3d at 677-78, 161 Ill.Dec. 429, 578 N.E.2d 1075; *Upgrade Corp. v. Michigan Carton Co.,* 87 Ill.App.3d 662, 664, 43 Ill.Dec. 159, 410 N.E.2d 159 (1980).

In 1991, this court held that common law retaining liens were well-taken in liquidation actions under the Insurance Code. *In re Liquidation of Mile Square Health Plan of Illinois,* 218 Ill.App.3d at 681, 161 Ill.Dec. 429, 578 N.E.2d 1075. In 1995, however, several sections of the Insurance Code were amended, including sections 189 and 191. Pub. Act 89-206, eff. July 21, 1995. Section 191, as amended, provides as follows:

> "The Director and his successor and successors in office shall be vested by operation of law with the title to all property, contracts, and rights of action of the company as of the date of the order directing rehabilitation or liquidation. *The Director is entitled to immediate possession and control of all property, contracts, and rights of action of the company, and is further authorized and directed to remove any and all records and property of the company to the Director's possession and control or to such other place as may be convenient for the purposes of efficient and orderly administration of the rehabilitation or liquidation. All persons, companies, and entities shall immediately release* **602 ***511 *their possession and control of any and all property, contracts, and rights of action* *416 *of the company to the Director including, but not limited to, bank accounts and bank records, premium and related records, and claim, underwriting, accounting, and litigation files.* The entry of an order of rehabilitation or liquidation creates an estate that comprises all of the liabilities and assets of the company. The filing or recording of such order in the office of the recorder or the Registrar of Titles in any county of this State shall impart the same notice that a deed, bill of sale or other evidence of title duly filed by such company would have imparted." (Emphasis added.) 215 ILCS 5/191 (West 1996).

Amended section 191 vests title to all property of an insolvent insurer in the Director of Insurance, by operation of law, upon the entry of an order directing rehabilitation or liquidation. 215 ILCS 5/191 (West 1996). It also requires the immediate release of all property belonging to an insolvent insurer to the Director of Insurance, including litigation files. 215 ILCS 5/191 (West 1996). Those provisions are mandatory and admit of no exception. As should be obvious, the practical effect of those provisions is the elimination of the right to retain the property of an insolvent insurer. Indeed, if one is under a duty to immediately release certain property, *ipso facto,* there is no right to retain that property, and if there is no right to retain that property, there is no basis upon which to assert a common law retaining lien. In short, the mandatory duty announced within amended section 191 abolished the right to assert a common law retaining lien against an insolvent insurer in a liquidation action under the Insurance Code.

That section 189 of the Insurance Code was also amended in 1995 to provide that a circuit court "*may* issue such other injunctions or such other orders as may be deemed necessary to prevent waste of assets or the obtaining, asserting, or enforcing of preferences, judgments, attachments, or other like liens, including common law retaining liens, or the making of any levy against [an insolvent insurer] or its property and assets while in the possession and control of the Director" (emphasis added) (215 ILCS 5/189 (West 1996)), does not alter or otherwise negate the plain meaning of section 191. Indeed, the provisions of section 189 are entirely consonant with those of section 191; that is to say, the former serve as the means by which a circuit court may enforce the mandatory duty announced within section 191, when necessary. Accordingly, to construe the provisions of section 189 as allowing the continued assertion of common law retaining liens against insolvent insurers in liquidation proceedings, as DKA implicitly does, simply ignores the manifest purpose of that section. Moreover, such a construction effectively emasculates the clear and unambiguous mandate enacted within section 191.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

**\*417** To be clear, section 189 vests a circuit court with the authority and means to *protect* the property of an insolvent insurer against dissipation and other forms of compromise, including the assertion of a common law retaining lien, during liquidation proceedings. It does not vest a circuit court with the authority or means to do otherwise; that is to say, section 189 does not provide a circuit court with the authority or means to allow the assertion of a common law retaining lien against an insolvent insurer in liquidation proceedings under the Insurance Code. As such, the circuit court exceeded its authority in allowing DKA to assert a common law retaining lien against the Coronet estate.

## II.

[8] Plaintiff, intervenor and *amicus curiae* also contend that in adjudging DKA a second-priority secured creditor, and later, a first-priority administrative claimant, the circuit court ignored the specific distribution provisions set forth within section 205 of the Insurance Code.

[9] Section 205 of the Insurance Code prioritizes the various claims brought against an insolvent insurer's estate for purposes of distribution. First and foremost are administrative claims. 215 ILCS 5/205(1)(a) (West 1996). Second are secured claims. 215 ILCS 5/205(1)(b) (West 1996). Fourth are "[c]laims by policyholders, beneficiaries, insureds and liability claims against insureds covered under insurance policies or insurance contracts issued by the company * * *." **\*\*603 \*\*\*512** 215 ILCS 5/205(1)(d) (West 1996). Seventh are claims of general creditors. 215 ILCS 5/205(1)(g) (West 1996). DKA was a general creditor. See *People ex rel. Schacht v. Prestige Casualty Co.,* 287 Ill.App.3d 577, 580, 222 Ill.Dec. 913, 678 N.E.2d 785 (1997).

[10] In a liquidation action, a circuit court is vested with only as much authority as is provided by the Insurance Code; equitable remedies in contradiction to those plainly set forth within the Insurance Code are therefore precluded. *In re Liquidation of Security Casualty Co.,* 127 Ill.2d 434, 447-48, 130 Ill.Dec. 446, 537 N.E.2d 775 (1989); *People ex rel. Palmer v. Peoria Life Insurance Co.,* 357 Ill. 486, 490-91, 192 N.E. 420 (1934); *People ex rel. Palmer v. Central Mutual Insurance Co. of Chicago,* 313 Ill.App. 84, 95-96, 39 N.E.2d 400 (1942).

Here, the circuit court ignored the provisions of section 205 and, pursuant to its equitable powers, adjudged DKA a second-priority secured creditor, and later, a first-priority administrative claimant. That, too, was error.

## III.

[11] Plaintiff, intervenor and *amicus curiae* further contend that the circuit court committed certain other procedural errors; to wit, **\*418** determining the value of DKA's claim through means other than the proof of claim procedures set forth within the Insurance Code, failing to assess the value of that aforementioned claim to the Coronet estate and requiring that DKA be paid prior to the claim bar date.

Section 208 of the Insurance Code (215 ILCS 5/208 (West 1996)) requires that "all persons who may have claims against [an insolvent] insurer shall present the same to the Liquidator, Rehabilitator or Conservator, as the case may be, at a place specified in the notice for filing claims within such time as may be fixed by order of the Court." Section 209 sets forth the procedures by which such proofs of claim are administered. 215 ILCS 5/209 (West 1996). A hearing before a circuit court is not among those procedures. The circuit court erred in ignoring the provisions of sections 208 and 209.

[12] So, too, did the circuit court err in ordering plaintiff to pay DKA prior to the claim bar date. Section 210 of the Insurance Code (215 ILCS 5/210 (West 1996)) permits distribution of an insolvent insurer's estate only "*after* the last day fixed for the filing of proof of claims * * *." (Emphasis added.) Here, the claim bar date was December 24, 1997. Accordingly, ordering plaintiff, on May 20, 1997, to pay DKA was in violation of section 210, and therefore improper.

## IV.

[13] Plaintiff, intervenor and *amicus curiae* lastly contend that the circuit court's reliance upon its own notions of equity jeopardized the orderly and efficient administration of the underlying liquidation as well as the interests of all beneficiaries to the Coronet estate. Indeed, according to plaintiff, intervenor and *amicus curiae,* elevation of DKA from seventh-priority general creditor to first-priority administrative claimant, served only to increase the possibility that more deserving claimants will receive less upon liquidation.

The various orders of the circuit court do not comport with the underlying purpose of Article XIII of the Insurance Code (215 ILCS 5/187 *et seq.* (West 1996)), which is the "protect[ion] of individual

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

698 N.E.2d 598 Page 6
298 Ill.App.3d 411, 698 N.E.2d 598, 232 Ill.Dec. 507
**(Cite as: 298 Ill.App.3d 411, 698 N.E.2d 598, 232 Ill.Dec. 507)**

policyholders and other claimants without permitting certain classes of creditors to place themselves in a superior position." *Lincoln Towers Insurance Agency, Inc. v. Boozell,* 291 Ill.App.3d 965, 970, 225 Ill.Dec. 909, 684 N.E.2d 900 (1997). In fact, those orders, which, together, served to elevate DKA to a first-priority claimant, are in opposition to such purpose, and therefore improper.

### CONCLUSION

For the aforementioned reasons, the April 7, 1997, and May 20, ***419** 1997, orders of the circuit court are reversed, and this matter remanded for proceedings not inconsistent with this opinion.

Reversed and remanded.

HOFFMAN, P.J., and THEIS, J., concur.

298 Ill.App.3d 411, 698 N.E.2d 598, 232 Ill.Dec. 507

**Briefs and Other Related Documents (Back to top)**

• 1997 WL 33767629 (Appellate Brief) Reply Brief of Appellant Mark Boozell, Director of Insurance for the State of Illinois, as Liquidator of Coronet Insurance Company (Dec. 24, 1997)Original Image of this Document (PDF)

• 1997 WL 33767628 (Appellate Brief) Reply Brief of Intervenor-Appellant Illinois Insurance Guaranty Fund (Dec. 23, 1997)Original Image of this Document (PDF)

• 1997 WL 33767631 (Appellate Brief) Brief of Claimant-Appellee David Kreisman & Associates (Dec. 01, 1997)Original Image of this Document with Appendix (PDF)

• 1997 WL 33767630 (Appellate Brief) Brief of Amicus Curiae National Conference of Insurance Guaranty Funds (Oct. 06, 1997)Original Image of this Document with Appendix (PDF)

• 1997 WL 33767632 (Appellate Brief) Brief of Appellant Mark Boozell, Director of Insurance for the State of Illinois, as Liquidator of Coronet Insurance Company (Sep. 24, 1997)Original Image of this Document (PDF)

• 1997 WL 33767633 (Appellate Brief) Brief of Intervenor-Appellant Illinois Insurance Guaranty Fund (Sep. 24, 1997)Original Image of this Document (PDF)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.