UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| Plaintiff, : | |
| v. : | Civil No. 3:02 CV 889 (EBB) |
| 277 DIAMONDS VALUED AT : | |
| APPROXIMATELY $2,461,093.00, et al. : | |
| Defendants. : | |

**THIRD PARTY CLAIMANTS' REPLY IN OPPOSITION TO
RECEIVER CLAIMANTS' MOTION TO DISMISS**

The Receiver Claimants begin with the unsupported assertion that the Second Circuit's affirmance in 2001 of this Court's dismissal of Peoples and Veterans' motions to intervene in two different forfeiture cases was purportedly based upon a lack of standing. The Receiver Claimants then argue that Peoples, Veterans and Settlers (collectively, "Third Party Claimants") are collaterally estopped from asserting they have standing here. Both of these arguments are flat wrong. The Second Circuit's decision did not even allude to an issue regarding standing. Rather, the decision was based on Peoples and Veteran's (Settlers was not a party to those motions to intervene) inability at the time to allege that they could trace their funds "into [Frankel's] hands." U.S. v. Peoples Benefit Life Ins. Co., 271 F.3d 411, 416 (2d Cir. 2001) ("Peoples Benefit"). The Third Party Claimants cannot be bound by a holding that the Second Circuit never made, and that is not applicable here. In these cases, unlike before, the Third Party Claimants filed timely claims and allege that their funds are directly traceable through Frankel and Frankel-controlled entities to the defendant properties before this Court.

Second, the Receivers now reassert abstention arguments that they had seemingly abandoned. The Receiver Claimants asked this Court on December 10, 2004 to set a pretrial schedule and a trial date. On May 16, 2005, the Receiver Claimants volunteered that this Court

1

should decide the legal merits of whether a constructive trust may be asserted against the defendant properties in these cases. Now, the Receiver Claimants reverse field and contend that the liquidation court is "the sole venue" for deciding these issues. (Memorandum in Support of Receiver-Claimants' Motion to Dismiss ("R-C Mem.") at p. 15.) Indeed, on June 8, 2005, in a blatant attempt to end run this Court's jurisdiction, the Receiver for First National Life Insurance Company of America ("FNL") filed a procedurally improper proposed order asking the Mississippi court to enter judgment in the FNL Receiver's favor on the Third Party Claimants' constructive trust claims. This Court is, however, the only court that has exclusive jurisdiction over the defendant properties, the only court in which discovery is underway and a trial date is set, and the only court where all of the claimants to the defendant properties are present.

The Receiver Claimants turn lastly to the legal merits of whether a constructive trust may be asserted against the defendant properties. Because the Receiver Claimants have themselves asserted competing constructive trust claims against the defendant properties, the issue may be framed narrowly: may anyone other than the Receiver Claimants be permitted to assert constructive trusts with respect to the defendant properties? Although the Receiver Claimants gratuitously quote the Mississippi Liquidation Act, Miss. Code. § 83-24-01, et seq., to the effect that it is "comprehensive," nothing in that state statute supplants state property law (including Mississippi law regarding constructive trusts) in determining whether specific property is an asset of a failed insurer's liquidation estate or, alternatively, was obtained only through the failed insurer's fraud. Nor may a state insurance liquidation act supplant this Court's exclusive jurisdiction over the defendant properties here. At the end of the day, the Receiver Claimants are unable to explain why, under any theory of law or equity, the FNL liquidation estate should be entitled to funds which Frankel and FNL fraudulently obtained from the Third Party Claimants. "Other people's money" does not belong to a receivership estate.

I.  **THIRD PARTY CLAIMANTS HAVE STANDING**

The Second Circuit in Peoples Benefit did not hold that Peoples and Veterans lacked standing. Rather, the court simply ruled that because the movants could not allege tracing of their funds to the nominal owner, *i.e.*, Frankel, they had not alleged the direct interest in the defendant properties required to justify intervention. Peoples Benefit, 271 F.3d at 416. That holding has no collateral estoppel effect in this case.

Use of collateral estoppel is confined to situations where the matter raised in the second suit is identical in all respects with that decided in the first proceeding and where the controlling facts remain unchanged. Faulkner v. Midscape Inc., No. 04-0263-CV(L), 2005 WL 503652, *8 (2d Cir. Mar. 4, 2005). Four prerequisites must be satisfied: (1) the issues in both proceedings must be identical; (2) the issue must have been actually litigated and actually decided in the prior proceeding; (3) there must have been a full and fair opportunity to litigate the issue in the prior proceeding; and (4) the resolution of the issue must have been necessary to support a valid and final judgment on the merits. U.S. v. U.S. Currency, 304 F.3d 165, 172 (2d Cir. 2002). Collateral estoppel does not apply when the essential facts of the earlier case differ from the instant case. Environmental Defense v. E.P.A., 369 F.3d 193, 202 (2d Cir. 2004).

These factors demonstrate that the Third Party Claimants should not be collaterally estopped from pursuing their claims.[1] Standing was not even an issue in the Peoples Benefit decision. Rather, the Second Circuit found that because Peoples and Veterans were not able to allege that they could trace their funds to those defendant properties at that time, they could not intervene. Peoples Benefit, 271 F.3d at 416 n.4 ("Peoples must trace the Reserve Fund to Frankel's Property *ex ante* because Peoples are seeking to intervene in the forfeiture proceedings

---

[1] Settlers was not a party in Peoples Benefit and, therefore, cannot be estopped by the decision because it did not have a chance to litigate the issue in that proceeding.

based on an equitable claim to a constructive trust rather than a direct legal interest in the property subject to forfeiture."). The opinion expressly allowed the Third Party Claimants to pursue their property, however, if and when they were able to adequately trace it: "In view of our decision to affirm, Peoples are not parties to the forfeiture proceedings and therefore any ruling that the district court may make concerning the ownership of the Property does not affect Peoples' rights." Peoples Benefit, 271 F.3d at 417 n.5.

In these cases, the Third Party Claimants are (1) claimants, not intervenors, and (2) have amply alleged tracing of their funds to Frankel and his entities. In the more than three years since Peoples Benefit was decided, discovery has proceeded in these cases and in the related criminal investigations and prosecutions of Frankel and his accomplices. The Third Party Claimants can now to trace their funds through bank records of Banque SCS Alliance, Bank of New York, First Bank of Tennesse, etc., to these forfeiture proceedings. Verified Statements, Exh. 1, ¶¶ 31-46, 64-69. There is no estoppel bar to the Third Party Claimants proving their ownership at trial.

## II. BURFORD ABSTENTION IS NOT APPROPRIATE

The Receiver Claimants' abstention argument is a remarkable reversal of the position they have taken in recent months with this Court. The Receiver Claimants asked this Court to set a trial date to determine all competing claims to the defendant properties, including the claims of the Third Party Claimants. Only a few weeks ago, they asked this Court to set the current briefing schedule to decide the legal question of whether the Third Party Claimants can recover their property through constructive trusts. Now, the Receiver Claimants seek to sideline this Court from deciding these very same issues. At this late date, there is no legitimate reason for the Court to abstain from resolving these issues once and for all.

Whether to stay this federal action on the ground that there is a related action pending in

4

a state court is committed to the sound discretion of the Court. Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 8, 28 (1983). Only under "exceptional circumstances" may a federal court defer to a concurrent state court proceeding in the interests of "wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." Colorado River Water Conservation Dist. v. U.S., 424 U.S. 800, 817 (1976). If there is any substantial doubt as to whether complete relief can be had in a parallel state case, it would be a serious abuse of discretion for a federal court to grant a motion to dismiss. Currie v. Group Ins. Comm'n, 290 F.3d 1, 12 (1st Cir. 2002).

Application of the Burford abstention factors (as set forth in Colorado River, 424 U.S. at 814-18), strongly favors this Court retaining its jurisdiction to decide the ownership of the defendant properties:

- This Court has jurisdiction over the *res*, the parties and all of the claims to the defendant properties. See 28 U.S.C. § 1335; F.D.I.C. v. Four Star Holding Co., 178 F.3d 97, 102 (2d Cir. 1999).

- Dismissing the Third Party Claimants from these cases will lead to piecemeal litigation as the constructive trust issue will have to be adjudicated once again in Mississippi state court, followed by further proceedings here.

- These cases, with a September 9, 2005 trial date, are more advanced than any of the liquidation proceedings.

- Although state law provides the rule of decision, this Court can easily apply the law of constructive trusts, and, in fact, the Receiver Claimants themselves have asked this Court to apply state property law to decide their constructive trust claims to the defendant properties.

Finally, a decision in this Court will not disrupt any state policies with respect to the liquidation of insurance companies because the state liquidation acts only apply to the assets of the insolvent estate, not property that belongs to others. See, e.g., Miss. Code § 83-24-35(1) (directing the liquidator "to take possession of the assets of the insurer" and vesting title in the liquidator with respect to "all of the property . . . of the insurer ordered liquidated") (emphasis

5

added). The defendant properties have no business in any liquidation proceeding until the issue of ownership of the funds is determined by this Court. In re Koreag, Controle et Revision S.A., 961 F.2d 341, 349 (2d Cir. 1992); McDonough Caperton Shepherd Group, Inc. v. Acad. of Med., 888 F.2d 1392, 1989 WL 128675, *4 (6th Cir. Oct. 30, 1989).

For the same reason, the Receiver Claimants' passing reference to the McCarran-Ferguson Act is also unavailing. (R-C Mem. at 12.) Returning property that was never part of an insolvent insurer's estate to its rightful owner does not "invalidate, impair, or supersede" state law regulating the business of insurance. 15 U.S.C. § 1012(b); see, e.g., In re Koreag, 961 F.2d at 349 (allowing district court to decide in the first instance whether property was asset of the liquidation estate). Nor does the pendency of proofs of claim in the Mississippi liquidation court limit this Court's right to exercise its exclusive jurisdiction over the defendant properties. The Third Party Claimants' proofs of claim in Mississippi would only become an issue if, contrary to fact, they were not able to trace their property to justify imposition of a constructive trust. This Court is poised to decide the ownership of the defendant properties. If the defendant properties do not belong to FNL or its estate, those properties cannot be distributed as part of the FNL estate.

In Baxter v. Texas Turn-Key Operators, Inc., 70 B.R. 193 (S.D. Tex. 1986), the court denied the New York insurance liquidator's motion to dismiss an interpleader action involving competing claims to proceeds of insurance policies on Burford abstention grounds. Baxter, 70 B.R. at 195-96. Where a federal court is the first to acquire jurisdiction over a *res*, a state court may not exercise its jurisdiction over the same *res* to impair the federal court's jurisdiction. Id. at 195. The court declined to abstain from hearing the case under Burford concluding that no state regulatory scheme was in question, but only the ownership of the *res* - a question decided by state contract and agency law. Id. at 196. "Accordingly, it is appropriate that the one court

6

with jurisdiction over all parties and over the monies in question render a decision which will be binding on all the claimants." Baxter, 70 B.R. at 196 (emphasis added).[2] This Court is the only court with jurisdiction over all the claimants and over the defendant properties.

## III. THE MISSISSIPPI LIQUIDATION ACT DOES NOT SUPPLANT STATE PROPERTY LAW OF CONSTRUCTIVE TRUSTS

The Receiver Claimants' final argument that the Mississippi Liquidation Act prohibits a party from recovering its property misstates Mississippi law. The Third Party Claimants' Memorandum details why the Third Party Claimants may assert constructive trusts in funds Frankel and FNL took from them through fraud and breach of duty. State liquidation acts do not supplant property law, they rely on it. What assets belong to an insolvent insurer, and, thus to its liquidator, are defined by state property law, including the law of constructive trusts.

The Receiver Claimants' refusal to address the facts as alleged in the Verified Statements exposes the fatal flaw in the Receiver Claimants' arguments. When ruling on a motion to dismiss, the Court must accept all of the factual allegations made by the Third Party Claimants and must draw all reasonable inferences in their favor. Mason v. American Tobacco Co., 346 F.3d 36, 39 (2d Cir. 2003). Perhaps recognizing that because FNL and Frankel obtained the Third Party Claimants' property through fraud and breach of duty the property never became property of FNL or its estate, the Receiver Claimants completely ignore the allegations that FNL and Frankel fraudulently induced the Third Party Claimants to enter agreements and hand their funds over to be misappropriated by the wrongdoers. Instead, the Receiver Claimants attempt improperly to paint the Third Party Claimants as simple creditors under a valid contract. (*See* R-

---

[2] Peoples Benefit Life Ins. Co. v. Dale, No. 3:99 CV 537BN (S.D. Miss. Dec. 29, 1999), and Huff-Cook, Inc. v. Dale, No. 1:99 CV 109 (W.D. Va. Mar. 29, 2001), do not support the Receiver Claimants' abstention argument. Neither of those courts had jurisdiction over the property in dispute and neither case involved the competing claims of the receivers for all seven Frankel-controlled insurance companies. Furthermore, the Receiver Claimants have submitted themselves to the jurisdiction of this Court.

C Memo at 6, 18, 21.) But that is not what the Third Party Claimants have alleged. The Verified Statements allege that the reinsurance agreements were themselves the product of fraud and breach of duty. If those allegations are proven at trial, then the agreements are void *ab initio*. In the Matter of Liquidation of Union Ind. Ins. Co., 674 N.E.2d at 320; Republic Ins. Co. v. Masters, Mates & Pilots Pension Plan, 77 F.3d 48, 52 (2d Cir. 1996).[3]

## IV. THE CASES CITED BY THE RECEIVERS ARE NOT APPLICABLE

The cases cited by the Receiver Claimants are easily distinguishable from the cases at hand. Only two of the cases involved claims for constructive trusts based on the fraud of the insolvent insurer.[4] In In re Liquidation of Security Casualty Co., 537 N.E.2d 775 (Ill. 1989), and Benjamin v. Credit General Insurance Co., Case No. 03-AP-117, 2004 WL 3090181 (Ohio Ct. App. Dec. 30, 2004), both courts relied on federal bankruptcy law to decide whether a party could assert a constructive trust claim in a case involving an insolvent insurer.

In affirming the dismissal of the shareholders' constructive trust claim, the Security Casualty court correctly relied on § 510(b) of the Bankruptcy Code which prohibits defrauded shareholders of a debtor from bootstrapping their claims ahead of outside creditors. Security Cas., 537 N.E.2d at 783-84. Thus, Security Casualty pertains only to attempts by a debtor's defrauded shareholders to impose a constructive trust over the proceeds of a securities offering in

---

[3] For this reason the Receiver Claimants' citation to § 83-24-83(6) is misplaced. R-C Mem. at 18. On its face, § 83-24-83(6) only applies to claims of "ceding and assuming companies in their capacity as such." § 83-24-83(6) (emphasis added). The Third Party Claimants are not pursuing claims for breach of the reinsurance contracts "in their capacity" as a ceding company. Rather, the Third Party Claimants are asserting claims in their capacity as victims of FNL's fraud and breach of duty. (See e.g., Verified Statements, Exh. 1.)

[4] Six of the cases did not involve any claims of fraud or breach of duty giving rise to constructive trusts and are, therefore, not relevant. See Four Star Ins. Agency, Inc. v. Hawaiian Elec. Indus., Inc., 974 P.2d 1017 (Hawaii 1999); Northwestern Nat'l Ins. Co. v. Kezer, 812 P.2d 688 (Colo. Ct. App. 1990); Swiss Re Life Co. of America v. Gross, 479 S.E.2d 857 (Va. 1997); LeBlanc v. Bernard, 554 So. 2d 1378 (La. Ct. App. 1989); In re Coronet Ins. Co., 698 N.E.2d 598, 603 (Ill. Ct. App. 1998); Bluewater Ins. Ltd. v. Balzano, 823 P.2d 1365, 1374 (Colo. 1992) (en banc). In Myers v. Protective Life Insurance Company, 342 So. 2d 772 (Ala. 1977), the court addressed the plaintiffs' constructive trust claim but ruled on the merits that they were not entitled to the imposition of a trust because the property had not been "wrongfully acquired or acquired by means which would give rise to a constructive trust." Id. at 777.

8

which they were defrauded. Security Cas., 537 N.E.2d at 779. The court's holding was not based on any provision of the insurer's liquidation act subordinating the rights of debtor's defrauded shareholders. Rather, the holding was based primarily upon an analysis of federal bankruptcy law. Id. at 783-84. The court relied upon § 510(b) of the Bankruptcy Code, which expressly subordinates shareholder claims. Id. at 783-74. The court also cited bankruptcy cases supporting the proposition that the claims of "defrauded shareholders" are subordinated under federal bankruptcy law. Id. at 784. The opinion distinguished federal bankruptcy cases supporting the imposition of constructive trusts as well as § 541(d) of the Bankruptcy Code, 11 U.S.C. § 541, which permits constructive trusts and does not allow a bankruptcy estate to retain funds that the debtor obtained by fraud on the sole ground that, unlike § 510(b) of the Bankruptcy Code, these authorities "do not speak to the claims of defrauded shareholders." Id. at 783-84. Thus, Security Casualty supports the imposition of a constructive trust where, as with the Third Party Claimants' claims for breach of duty and fraud against FNL and Frankel, the fraud claims do not arise from the purchase or sale of the insolvent insurer's stock.

The Receiver Claimants' only other constructive trust case, Benjamin, also relies upon federal bankruptcy law, but unfortunately relied upon a Sixth Circuit opinion that is not on point and that also is widely discredited. Benjamin did not involve constructive trust claims by innocent third parties, but rather an assertion of a constructive trust by a trustee for a parent company which participated in the misconduct. Benjamin, 2004 WL 3090181 at *3. In the instant cases, however, the Third Party Claimants are innocent third parties whom FNL -- under Frankel's direction -- fraudulently induced to transfer monies to FNL. Benjamin erroneously based its holding on In re Omegas Group, Inc., 16 F.3d 1443 (6th Cir. 1994), as its principal authority. Benjamin, 2004 WL 3090181 at *6. However, Omegas is contrary to Mississippi law on constructive trusts, has been "clarified" and limited by more recent Sixth Circuit cases

9

allowing constructive trusts in bankruptcy cases, and is also inconsistent with precedent in the Second Circuit allowing constructive trusts in bankruptcy proceedings. See, e.g., Third Party Claimant's Memo at 11-13 (collecting and summarizing cases and other authorities, including In re Koreag, 961 F.2d at 352, and In re Howard's Appliance Corp., 874 F.2d 88, 93 (2d Cir. 1989)); In re Morris, 260 F.3d 654, 666 (6th Cir. 2001) (finding a constructive trust in favor of creditor and noting that "[s]ince deciding *Omegas Group*, we have clarified several relevant points. We have recognized that imposition of a constructive trust might be appropriate when property in bankruptcy was not subject to distribution to creditors and so did not implicate the rationale of ratable distribution. ") (citations omitted); In re Newpower, 233 F.3d 922, 929 (6th Cir. 2000) (finding that a "because a thief takes no title" in stolen property, a constructive trust should be established).

## V. CONCLUSION

The Third Party Claimants are entitled to a trial of their constructive trust claims to recover their property obtained through Frankel and FNL's fraud and breach of duty. Accordingly, the Receiver Claimants' Motion to Dismiss should be denied.

Dated:  June 14, 2005

Respectfully submitted,

PEOPLES BENEFIT LIFE INSURANCE COMPANY, VETERANS LIFE INSURANCE COMPANY, HUFF-COOK, INC.

_____
David N. Rosen (00169)
400 Orange Street
New Haven, CT 06511
Telephone:  (203) 787-3513
Telecopy:  (203) 789-1605

Forrest B. Lammiman (CT 21508)
Randall A. Hack (CT 14314)
Brian I. Hays (CT 21601)
LORD, BISSELL & BROOK LLP
115 S. LaSalle Street
Chicago, IL 60603
Telephone:  (312) 443-0700
Facsimile:  (312) 443-0336

## Certificate of Service

I hereby certify that on June 14, 2005, a true and correct copy of the foregoing was served by U.S. Mail, first class postage pre-paid to the following:

Julie G. Turbert
Assistant U.S. Attorney
U.S. Attorney's Office
157 Church Street
P.O. Box 1824
23rd Floor
New Haven, CT  06510
(203) 821-3700

James A. Lenes, Esq.
Douglas S. Skalka, Esq.
Neubert, Pepe, Monteith
195 Church Street
13th Floor
New Haven, CT  06510-2026
(203) 821-2000

Susan Loving, Esq.
Lest, Loving & Davies
1701 South Kelly
Edmund, OK  73013

Andrew B. Campbell, Esq.
Graham Matherne, Esq.
Wyatt Tarrant & Combs
2525 West End Avenue
Suite 1500
Nashville, TN  37203
(615) 244-0020

Charles G. Copeland, Esq.
Copeland, Cook, Taylor & Bush, P.A.
1062 Highland Colony Parkway
Suite 200
P. O. Box 6020
Ridgeland, MS  39157

Douglas J. Schmidt, Esq.
Blackwell Sanders Peper Martin, LLP
4801 Main Street
Suite 1000
Kansas City, MO  64112

