### UNITED STATES DISTRICT COURT
### DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil No. 3:02 CV 889 (EBB) |
| | : | |
| 277 DIAMONDS VALUED AT | : | |
| APPROXIMATELY $2,461,093.00, et al. | : | |
| | : | |
| Defendants. | : | |

## NOTICE OF FILING

To:    Attached Service List

PLEASE TAKE NOTICE that on June 23, 2005, we will cause to be filed with the Clerk of the Court for the United States District Court for District of Connecticut, the attached June 22, 2005, Letter Brief, a copy of which was previously faxed to you and is hereby served upon you.

Dated:  June 22, 2005

Respectfully submitted,

PEOPLES BENEFIT LIFE INSURANCE COMPANY, VETERANS LIFE INSURANCE COMPANY, HUFF-COOK, INC.

David N. Rosen (00169)
400 Orange Street
New Haven, CT 06511
Telephone:  (203) 787-3513
Telecopy:  (203) 789-1605

Forrest B. Lammiman (CT 21508)
Randall A. Hack (CT 14314)
Brian I. Hays (CT 21601)
LORD, BISSELL & BROOK LLP
115 S. LaSalle Street
Chicago, IL 60603
Telephone:  (312) 443-0700
Facsimile:  (312) 443-0336

## CERTIFICATE OF SERVICE

I, Brian Hays, an attorney, hereby certify that I caused a true and accurate copy of the foregoing NOTICE OF FILING to be served on June 22, 2005, via U.S. mail, first class, postage prepaid, to the Attached Service List.

Brian I. Hays

# LORD BISSELL ◢◣ BROOK LLP
### ATTORNEYS AT LAW

115 S. LASALLE STREET | CHICAGO, ILLINOIS 60603-3901
312.443.0700 | 312.443.0336 FAX | WWW.LORDBISSELL.COM

June 22, 2005

Forrest B. Lammiman

312.443.0414
Fax: 312.896.6414
flammiman@lordbissell.com

**Via Facsimile and Hand-Delivery (Filed Separately with the Clerk of the Court)**

Hon. Ellen Bree Burns
Senior United States District Judge
United States Courthouse
141 Church Street
New Haven, CT 06510

Re: *United States of America v. $29,035,500.00 in Account No. 20X6875(06), et al.*
Case No. 3:01-CV-01515 (EBB)
*United States of America v. 277 Diamonds Valued at $2,461,093.00, et al.*
Case No. 3:02-CV-00889 (EBB)

Dear Judge Burns:

I write on behalf of my clients, Settlers Life Insurance Company, Veterans Life Insurance Company and Peoples Benefit Life Insurance Company (collectively, the "Third Party Claimants"), to let you know about some relevant developments in the Mississippi case since the telephonic status conference May 16, and in light of those developments to request respectfully that if possible the Court expedite its decision with respect to the Receiver Claimants' Motion to Dismiss our clients' constructive trust claims.

At the May 16 conference, counsel for the Receiver Claimants requested that this Court decide the purely legal issue of the viability of our constructive trust claims. The Court agreed and in light of the September 9 trial date set a tight supplemental briefing schedule on this issue. That briefing was completed on June 14. In light of the Receiver Claimants' request that you decide the legal issue here, and everyone's agreement to move quickly ahead to trial, on May 27 we filed a motion in the Mississippi receivership court for voluntary dismissal without prejudice of our petition there. But after having asked you to decide the constructive trust issue, the Receiver Claimants have now told the Mississippi receivership court that it is the court that should decide the issue, and they have opposed our motion for voluntary dismissal. With the hand-delivered hard copy of this letter, I am enclosing copies of our Motion for Voluntary Dismissal, the FNL Receiver's response and our reply.



Hon. Ellen Bree Burns
June 22, 2005
Page 2

Your expedited decision on the fully briefed Motion to Dismiss would effectively resolve this jurisdictional conflict by mooting all the issues pending before the Mississippi receivership court with respect to the constructive trust claims that are before you. It would also consolidate in a single forum all the disputes with respect to the defendant properties. Last but not least, it would allow the parties to keep moving forward toward the September 9 trial date.

We thank you very much for your consideration.

Sincerely,

Forrest B. Lammiman

FBL:pas

cc:    attached Service List (via facsimile and U.S. Mail)

#1083940v1

## SERVICE LIST

*USA v. $29,035,500.00, et al,* Case Number 3:01-CV-1515 (EBB);
and
*USA v.277 Diamonds, et al,* Case Number 3:02 CV 889 (EBB)

| | |
|---|---|
| **Plaintiff U.S.A.**<br>John Hughes<br>Assistant U.S. Attorney<br>U.S. Attorney's Office<br>157 Church Street<br>P.O. Box 1824<br>23rd Floor<br>New Haven, CT   06510<br>(203) 821-3700<br>(203) 773-5373 - fax | |
| **Claimants**<br>James A. Lenes, Esq.<br>Douglas S. Skalka, Esq.<br>NEUBERT, PEPE, MONTEITH<br>195 Church Street<br>13th Floor<br>New Haven, CT   06510-2026<br>(203) 821-2000<br>(203) 821-2009 - fax | Susan Loving, Esq.<br>LEST, LOVING & DAVIES<br>1701 South Kelly<br>Edmund, OK   73013<br>(405) 844-9900<br>(405) 844-9958 - fax |
| Andrew B. Campbell, Esq.<br>Graham Matherne, Esq.<br>WYATT TARRANT & COMBS<br>2525 West End Avenue<br>Suite 1500<br>Nashville, TN   37203<br>(615) 244-0020<br>(615) 256-1726 - fax | Charles G. Copeland, Esq.<br>COPELAND, COOK, TAYLOR & BUSH, P.A.<br>1062 Highland Colony Parkway<br>Suite 200<br>P. O. Box  6020<br>Ridgeland, MS   39157<br>(601) 856-7200<br>(601) 856-7626 - fax |
| Douglas J. Schmidt, Esq.<br>BLACKWELL SANDERS PEPER MARTIN, LLP<br>2300 Main Street<br>Suite 1000<br>Kansas City, MO   64108<br>(816) 983-8000<br>(816) 983-8080 - fax | |

1067252v1

FILED

# IN THE CHANCERY COURT OF THE FIRST JUDICIAL DISTRICT
## OF HINDS COUNTY, MISSISSIPPI

MAY 2 7 2005

EDDIE JEAN CARR, CHANCERY CLERK

**GEORGE DALE, COMMISSIONER OF
INSURANCE OF THE STATE OF MISSISSIPPI**

BY_____ D.C.

**PLAINTIFF**

**CIVIL ACTION NO. G99-908S2**

**FIRST NATIONAL LIFE INSURANCE COMPANY
OF AMERICA, A MISSISSIPPI DOMICILED
INSURANCE COMPANY**

**DEFENDANT**

**HUFF-COOK, INC., PEOPLES BENEFIT LIFE INSURANCE
COMPANY, and VETERANS LIFE INSURANCE COMPANY**

**PETITIONERS**

## PETITIONERS' MOTION FOR VOLUNTARY DISMISSAL
## WITHOUT PREJUDICE

Petitioners Huff-Cook, Inc., Peoples Benefit Life Insurance Company, and Veterans Life Insurance Company (collectively, the "Petitioners"), in light of the Mississippi Supreme Court's decision dated May 5, 2005 and pursuant to Rule 41(a)(2) of the Mississippi Rules of Civil Procedure, respectfully ask this Court to enter an order dismissing the Petition for Declaratory Relief and claims filed by the Petitioners without prejudice.

The Petitioners and Commissioner Dale, in his capacity as the liquidator for First National Life Insurance Company of America (the "Receiver"), along with the receivers for insolvent insurers in four other states, are all parties to two forfeiture proceedings pending in the United States District Court for the District of Connecticut (the "Forfeiture Court"), captioned *United States v. $29,035,500.00*, Civil No. 3:01 CV 1515 (EBB) and *United States v. 277 Diamonds*, Civil No. 3:02 CV 889 (EBB) (collectively the "Forfeiture Proceedings"). The Forfeiture Proceedings involve the same constructive trust analysis at issue in this case. However, unlike the present case, the Forfeiture Court has custody over the disputed property and all of the parties with claims to that property have appeared in the Forfeiture Proceedings.

On December 10, 2004, the Receiver and the other receivers asked the Forfeiture Court to try the same competing constructive trust claims at issue in this case. The Forfeiture Court then set a September 9, 2005 trial date in those cases. More recently, on May 16, 2005, the five receivers (including the Receiver) asked the Forfeiture Court to resolve the issue of whether a defrauded party can assert a constructive trust claim to counter the ownership claims of an insolvent insurer's receiver. The Forfeiture Court set a tight briefing schedule on the constructive trust issue. Simultaneous briefs from the receivers and the Petitioners will be filed on June 3, 2005 with reply briefs due on June 10, 2005.

Thus, the Forfeiture Proceedings are now the best forum for adjudicating all of the disputed claims to the forfeited funds by virtue of the receivers' election to have the Forfeiture Court decide the competing claims. Petitioners therefore seek leave to voluntarily dismiss their claims in this case in favor of pursuing a final decision of all claims of all parties through the Forfeiture Proceedings.

### **Argument**

A voluntary dismissal should be permitted unless the defendant can show that he will be prejudiced by the dismissal. *Carter v. Clegg*, 557 So.2d 1187, 1190 (Miss. 1990). The mere prospect of a second lawsuit on the same facts in another jurisdiction or that the dismissal will result in a tactical advantage for the plaintiff do not constitute prejudice to the defendant. *Id.* In the present case, the Receiver will not be prejudiced by the dismissal. Both the Receiver and the Petitioners are pursuing the same claims based on the same facts in the Forfeiture Proceedings. To the extent that the Receiver has responded to any discovery or conducted research in this case, the same discovery and research would have been conducted and will be useful in the Forfeiture Proceedings.

2

**Mississippi Supreme Court's Decision:** The Petitioners are entitled to have their claims decided on the factual merits. On May 5, 2005, the Mississippi Supreme Court vacated the February 4, 2004 summary judgment order entered by this Court and remanded the case. The Supreme Court held that the Petitioners should have been given an opportunity to present evidence in support of their constructive trust claims before summary judgment could be entered against them. *Huff-Cook, Inc. v. Dale*, No. 2004-CA-617-SCT, ¶ 18, a copy of which is attached as Exhibit 1.

The Supreme Court necessarily determined that the Petitioners' claims cannot be decided as a matter of law and that the Petitioners must be given the opportunity to have their claims decided after a presentation of the facts. If, as the Receiver contended, the question of whether a party can recover property obtained by fraud from an insolvent insurance company was strictly a matter of law, this Court's failure to give notice and an opportunity to present summary judgment evidence would have constituted harmless error, and would not have required the Supreme Court to vacate the order. *See* 5C Wright & Miller § 1366 ("absence of formal notice will be excused when it is harmless"); *Benchmark Elec., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 725 (5th Cir. 2003) ("court ordinarily reviews whether there was lack of the required notice for harmless error"); *Rose v. Bartle*, 871 F.2d 331, 342 (3d Cir. 1989) ("The failure to give adequate notice does not, however, require automatic reversal; it may be excused if the failure was a 'harmless error.' Thus, the judgment may be affirmed if it appears that there is no set of facts on which plaintiffs could possibly recover.") (citation omitted).

Under the Supreme Court's ruling, the Petitioners are entitled to full discovery and a determination on the factual merits of their claims. The receivers (including the Receiver) have convinced the Forfeiture Court to try the competing trust claims and to decide the key legal

3

issue. The Forfeiture Proceedings are now the appropriate place to have the Petitioners' claims decided on the merits.

**The Receivers Themselves Have Elected to Have All of the Claims Decided by the Federal Court:** On December 10, 2004, during a status conference in the Forfeiture Proceedings, the various counsel for the receivers for the Frankel-controlled insurance companies, including the Receiver, asked the Forfeiture Court to set a trial date to resolve all of the disputed ownership claims to the forfeited funds, including the Petitioners' claims. The receivers presented draft scheduling orders at the status conference. With the help of the United States Attorney's office, all parties agreed to scheduling orders which were entered by the Forfeiture Court on December 16, 2004. (Copies of the Scheduling Orders are attached as Exhibit 2.) The Forfeiture Proceedings are set for trial on September 9, 2005.

On May 16, 2005, shortly after the Mississippi Supreme Court's decision vacating this Court's summary judgment order, the Forfeiture Court held another telephonic status conference in the Forfeiture Proceedings. Counsel for both the Petitioners and for the various receivers, including the Receiver, were present. The parties discussed the Mississippi Supreme Court's ruling vacating and remanding the present case to this Court.

Counsel for the Receiver and the other receivers then asked the Forfeiture Court to set a briefing schedule to decide the legal question of whether, as a matter of law, the Petitioners can state constructive trust claims to recover their property fraudulently obtained by First National Life Insurance Company of America. The Forfeiture Court then ordered the parties to file simultaneous briefs on June 3, 2005 and reply briefs on June 10, 2005. (Copies of the Scheduling Orders are attached as Exhibit 3.)

Thus, the receivers themselves have elected to have the Forfeiture Court decide the legal rights of all of the claimants to the funds held in the Forfeiture Proceedings.

**Trial Is Set for September 9, 2005 in Connecticut:** The Forfeiture Proceedings are also significantly more advanced toward trial than is the present case. Unlike the present case, a trial date has been set in the Forfeiture Proceedings at the receivers' request. The United States Government has gathered a significant number of documents necessary for any of the parties to trace their funds. The Petitioners have served discovery and requests for admissions on the Receiver and the four other receivers. The Petitioners, therefore, seek leave to dismiss their claims in this case because a single path has now been cleared toward a complete and final adjudication in the Forfeiture Proceedings.

**The Forfeiture Court Has Jurisdiction over the Disputed Property:** The Forfeiture Court is the appropriate forum for adjudicating the property claims because it has custody of and jurisdiction over the forfeited funds. The Forfeiture Proceedings are actions *in rem* over which the Federal Court has exclusive jurisdiction. 28 U.S.C. § 1335 ("The district courts shall have original jurisdiction, exclusive of the courts of the States, of any action or proceeding for . . . forfeiture"); *United States v. All Funds Distributed To Weis*, 345 F.3d 49, 55 (2d Cir. 2003). In proceedings *in rem* the state or federal court having custody of the property has exclusive jurisdiction to proceed. *See F.D.I.C. v. Four Star Holding Co.*, 178 F.3d 97, 102 (2d Cir. 1999); 21 C.J.S. Courts § 211. Thus, the Forfeiture Court has exclusive jurisdiction over the property at issue in this case.

**All Parties Are in Connecticut:** Furthermore, unlike the case at bar, all parties with claims to the forfeited funds have appeared in the Forfeiture Proceedings. The Petitioners, the Receiver, and all of the receivers for the other Frankel-controlled insurance companies have filed claims in the Forfeiture Proceedings. The other receivers are not parties to this case. A judgment in favor of either the Receiver or the Petitioners in this case may not be binding on the other receivers. Thus, regardless of who prevails here, that party could be forced to re-litigate its

5

claim against the other claimants in the Forfeiture Proceedings. The Forfeiture Court is therefore the only forum that can give all of the claimants complete relief because a decision in those cases will bind all claimants.

**The Receiver Will Not Suffer Any Prejudice:** The Receiver will not be prejudiced by the dismissal of the Petitioners' claims in this case. Indeed, the Receiver, along with the other receivers, requested the Forfeiture Court to enter its scheduling order, its September 9, 2005 trial date, and its briefing schedule on the constructive trust legal issue. As the comment to Rule 41 explains:

> The purpose of Rule 41(a)(2) is primarily to prevent voluntary dismissal which unfairly affects the other side and to permit the imposition of curative conditions. Accordingly, the dismissal should be allowed generally unless the defendant will suffer some plain legal prejudice, other than the mere prospect of another lawsuit. It is not a bar to dismissal that plaintiff may obtain some tactical advantage thereby.

M.R.C.P. 41, comment. *See also Stidam v. Ryder Truck Rental, Inc.*, No. NA00-174-C-H/G, 2001 WL 699873, *1 (S.D. Ind. May 29, 2001) (dismissal without prejudice to allow plaintiff to continue to pursue parallel action in another jurisdiction did not constitute legal prejudice). (A copy of *Stidam* is attached as Exhibit 4.) The Receiver will not suffer any legal prejudice, as conceded by the Receiver's own conduct in the Forfeiture Proceedings. In fact, the litigation between the Receiver and the Petitioners will be narrowed to a single front where the five receivers requested a scheduling order and a trial date, and now have requested and received a briefing schedule on the constructive trust issue.

In contrast to the Forfeiture Proceedings, no trial date is set here and the Receiver has resisted discovery in this case. Any effort and expense on the part of the Receiver in investigating the fraud perpetrated by Frankel and First National Life Insurance Company of America in this case was necessary for the liquidation of the estate, to gather evidence in support of the Receiver's own constructive trust claims in the Forfeiture Proceedings, and for the

Receiver to pursue the many lawsuits he has filed in courts around the country. *See e.g. Larkin v. Prudential Institutional Liquidity Portfolio, Inc.*, Case No. 01-CV-4163-NKL consolidated with Case No. 02-4090-CV-C-NKL (W.D. Mo.); *Dale v. Frankel*, Case No. 3: 00 CV 359 LN (S.D. Miss.); *Dale v. Colagiovanni, et al.*, Case No. 3:01 CV 663 BN (S.D. Miss.); *Dale v. Banque SCS Alliance, SA*, Case No. 02 CIV 3592, (S.D.N.Y.). To any extent that quite limited discovery specific to the Petitioners' claims has proceeded, such discovery will be useful in trying the property claims in the Forfeiture Proceedings. *See Toppings v. Meritech Mortg. Serv., Inc.*, 209 F.R.D. 375, 378-79 (S.D.W.Va. 2001); *Ornelas v. Safeway Ins. Co.*, No. 88 C 3583, 1989 WL 157794, *3 (N.D. Ill. Dec. 27, 1989). (A copy of *Ornelas* is attached as Exhibit 5.)

This Court should grant Petitioners' motion for voluntary dismissal without prejudice because (1) the Receiver will not be prejudiced by a dismissal of the Petitioners' claims in this case, (2) the Receiver has elected to have the claims decided by the Forfeiture Court, and (3) the Forfeiture Court is the only forum with jurisdiction over the disputed property and all parties with claims to the property.

In the alternative, this Court may simply stay these proceedings in favor of allowing the Forfeiture Court to adjudicate all claims by all parties to the forfeited funds. This Court has discretion to grant a motion for a stay of these proceedings in favor of the Forfeiture Proceedings. *See Brown v. Brown*, 493 So.2d 961, 963 (Miss. 1986) (granting motion for stay to allow California proceeding to conclude); *Sallis v. Sallis*, 860 So.2d 824, 826 (Miss. Ct. App. 2003) (dismissing case in favor of Illinois proceeding). In deciding whether to stay these proceedings, this Court should consider "the presence or absence of exigent circumstances, the legitimate needs and conveniences of the parties, and considerations of interstate comity and the need to avoid unseemly forum shopping." *Id. See also* 1 AM. JUR. 2D Actions § 77 (1994)). For the reasons set forth above, the Forfeiture Court is now the most appropriate, and in fact only

7

forum, for adjudicating all of the competing claims to the forfeited funds under its jurisdiction.

Moreover, the Receiver and the four other receivers from the other states have now requested

and received from the Forfeiture Court a briefing schedule on the substantive legal issue in this

case - whether the Petitioners can assert a constructive trust claim to recover property obtained

through First National Life Insurance Company of America's fraud traced to the Forfeiture

Proceedings.  Although dismissal without prejudice appears to be the better resolution, this Court

may instead exercise its discretion to stay this case, pending the outcome of the trial in the

Forfeiture Proceedings.

WHEREFORE, in the interests of judicial economy and to achieve a comprehensive,

efficient disposition of all claims to the forfeited property in the Forfeiture Proceedings, the

Petitioners respectfully request that this Court enter an order dismissing their Petition for

Declaratory Relief without prejudice.

This 27th day of May, 2005.

> HUFF-COOK, INC., PEOPLES BENEFIT LIFE
> INSURANCE COMPANY, and VETERANS LIFE
> INSURANCE COMPANY
>
> By: _Alex Alston AY SAS (MSB No. 99670)_
>      One of Their Attorneys
>
> Alex A. Alston, Jr. (MB #1543)
> BRUNINI, GRANTHAM, GROWER & HEWES, PLLC
> 1400 Trustmark Building
> 248 East Capitol Street (39201)
> Post Office Drawer 119
> Jackson, Mississippi  39205-0119
> Telephone: (601) 948-3101
> Fax: (601) 960-6902

8

*Of Counsel*
Forrest B. Lammiman
Randall A. Hack
Brian I. Hays
LORD, BISSELL & BROOK
115 S. LaSalle Street
Chicago, Illinois  60603
Telephone: (312) 443-0700
Fax: (312) 443-0336

## CERTIFICATE OF SERVICE

I, the undersigned attorney, hereby certify that I have served a true copy of the foregoing

Petitioners' Motion for Voluntary Dismissal Without Prejudice by forwarding a copy by United

States mail, postage prepaid, to the following counsel:

Charles G. Copeland, Esq.
COPELAND, COOK, TAYLOR & BUSH, P.A.
1062 Highland Colony Pkwy, Suite 200
PO Box 6020
Ridgeland, MS 39158

Kristina M. Johnson, Esq.
WATKINS LUDLAM WINTER & STENNIS, P.A.
633 N. State St.
PO Box 427
Jackson, MS 39205

Charles T. Richardson, Esq.
BAKER & DANIELS
805 15th Street, N.W., Suite 700
Washington, D.C. 20005

C. York Craig, Jr., Esq.
Ricky G. Luke, Esq.
CRAIG HESTER LUKE & DODSON, P.A.
PO Box 12005
Jackson, MS 39236

Lee Harrell, Esq.
David C. Scott, Esq.
Mississippi Dept. of Insurance
550 High St., 18th Floor
PO Box 79
Jackson, MS 39205

This 27th day of May, 2005

Joseph Sclafani (MSB No. 99670)