UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil No.  3:02CV00889 (EBB) |
| | : | |
| 277 DIAMONDS VALUED AT APPROXIMATELY $2,461,093.00, | : : | |
| | : | |
| ONE (1) PAIR OF DIAMOND EARRINGS, VALUED AT APPROXIMATELY $50,120.00, | : : : | |
| | : | |
| AND | : | October 18, 2007 |
| | : | |
| ONE (1) PLATINUM AND DIAMOND RING VALUED AT APPROXIMATELY $25,935.00, | : : : | |
| | : | |
| Defendants. | : | |

MEMORANDUM IN SUPPORT OF
MOTION FOR DECREE OF FORFEITURE

The Plaintiff, United States of America, hereby submits this memorandum in support of its Motion for Decree of Forfeiture, which motion has been filed pursuant to Rule 55 of the Federal Rules of Civil Procedure, and Rule G(5) of the Supplemental Rules for Admiralty or Maritime and Asset Forfeiture Claims.

On May 22, 2002, a Verified Complaint of Forfeiture was filed on behalf of the plaintiff, United States of America, for the forfeiture of 277 diamonds valued at approximately $2,461,093.00, one (1) pair of diamond earrings valued at approximately $50,120.00, and one (1) platinum and diamond ring valued at approximately $25,935.00 ("Defendant Diamonds and Diamond Jewelry").  The Complaint alleges that the Defendant Diamonds and Diamond Jewelry

were involved in a financial transaction in violation of 18 U.S.C. §§ 1956 and 1957, and are therefore subject to forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(A), or constitute or are derived from proceeds traceable to an offense constituting "specified unlawful activity" (as defined in 18 U.S.C. § 1956(c)(7)), namely mail fraud and wire fraud in violation of 18 U.S.C. §§ 1341 and 1343, or conspiracy to commit such offenses, and are therefore subject to forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(C).

All known potential claimants believed to have an interest in the Defendant Diamonds and Diamond Jewelry have been notified of this action. The Plaintiff, United States of America, has resolved the claims of the various claimants by agreement. The full procedural history is set forth in the proposed Decree of Forfeiture submitted herewith.

The claims of the seven (7) victim insurance companies,[1] which were defrauded by Martin Frankel, were recently resolved by Stipulations with the competing claims of the three (3) re-insurance companies,[2] and the United States of America. Pursuant to a Stipulation with the three (3) re-insurance companies, the re-insurance companies agreed to stipulate to their dismissal from the action and withdraw their claims to the Defendant Diamonds and Diamond Jewelry. In a separate Stipulation, the Receiver-Claimants agreed to the forfeiture of the Defendant Diamonds and Diamond Jewelry, and the United States agreed to distribute to the

---

[1] The seven (7) insurance companies and their respective pro rata shares are as follows: (1) Franklin Protective Life Insurance Company (4.10%), (2) Family Guaranty Life Insurance Company (6.99%), (3) Farmers and Ranchers Life Insurance Company (2.30%), (4) First National Life Insurance Company of America (54.78%), (5) Franklin American Life Insurance Company (8.00%), (6) Old Southwest Life Insurance Company (1.75%), and (7) International Financial Services Life Insurance Company (22.08%).

[2] The three (3) re-insurance companies are: (1) Peoples Benefit Life Insurance Company, (2) Veterans Life Insurance Company, (3) Huff Cook, Inc./Settlers Life Insurance Company.

Receiver-Claimants the net proceeds of the interlocutory sale of the diamonds and diamond jewelry, less costs, pursuant to the agreed upon pro rata distribution as set forth in the Stipulation between the Receiver-Claimants and the United States.

The Defendant Diamonds and Diamond Jewelry were sold a public auction by the Internal Revenue Service Criminal Investigation pursuant to an Order for Interlocutory Sale, dated September 15, 2004. The proceeds from the interlocutory sale were deposited into the Treasury Department's Seized Asset Suspense Account, which is an interest bearing account where the funds have accrued and continue to accrue interest. In the Stipulation between the United States and the Receiver-Claimants, the parties have stipulated that the Receiver-Claimants shall file a separate motion to the Court requesting the payment of accrued interest on the assets seized and held by the Internal Revenue Service Criminal Investigation on the same pro rata basis set forth in the Stipulation.

This Stipulation is based upon the Petition for Remission or Mitigation of Forfeiture filed by the Receiver-Claimants, and which was granted by the Department of Justice pursuant to its regulations. See Regulations Governing the Remission or Mitigation of Civil and Criminal Forfeiture, 28 C.F.R. §§ 9.1-9.9. The Petition for Remission or Mitigation of Civil and Criminal Forfeiture procedures authorize the United States Attorney General to transfer or restore forfeited property to victims of fraud once the property is ordered forfeited to the United States. Here, the Attorney General has authorized the transfer of these assets to the victim Receiver-Claimants upon entry of decree of forfeiture.

The Receiver-Claimants concur with the relief sought by this motion and are in agreement with the language of the proposed Decree of Forfeiture. In that all the claims filed in

this case have been resolved, except the issue of distribution of interest accrued on assets seized by the Internal Revenue Service Criminal Investigation, the United States respectfully requests that its Motion for Decree of Forfeiture be granted so that the net proceeds from the interlocutory sale of the Defendant Diamonds and Diamond Jewelry may be returned to the victims pursuant to the granted Petition for Remission.  A proposed Decree of Forfeiture is submitted herewith.

    Respectfully submitted,

    PLAINTIFF,
    UNITED STATES OF AMERICA

    KEVIN J. O'CONNOR
    UNITED STATES ATTORNEY

---

    JULIE G. TURBERT
    ASSISTANT U.S. ATTORNEY
    ATTORNEY BAR # ct23398
    157 CHURCH STREET
    NEW HAVEN, CT 06510
    TEL. (203) 821-3700
    FAX (203) 773-5373
    Email: Julie.Turbert@usdoj.gov

CERTIFICATE OF SERVICE

This is to certify that a copy of the within and foregoing Memorandum in Support of Motion for Decree of Forfeiture has been mailed, postage prepaid, this 18th day of October, 2007, to:

Douglas J. Schmidt, Esq.
Terrance Summers, Esq.
Blackwell Sanders Peper Martin, LLP
4801 Main Street, Suite 1000
Kansas City, MO 64112

Douglas S. Skalka, Esq.
Neubert, Pepe & Monteith
195 Church Street
New Haven, CT 06510

Graham Matherne, Esq.
Wyatt Tarrant & Combs
2525 West End Avenue, Suite 1500
Nashville, Tennessee 37203

Charles G. Copeland, Esq.
Copeland, Cook, Taylor & Bush, P.A.
1062 Highland Colony Parkway
P.O. Box 6020
Ridgeland, Mississippi 39157

Andrew B. Campbell
Wyatt, Tarrant & Combs
2525 West End Avenue, Suite 1500
Nashville, TN 37203

Susan Loving, Esq.
Lester, Loving and Davies
1701 South Kelly
Edmund, Oklahoma 73013

Steve A. Uhrynowycz, Esq.
Arkansas Insurance Department
1200 W. Third Street
Room 340
Little Rock, AR 72201-0104

James A. Lenes, Esq.
9 Grove Street
Ridgefield, CT 06877

Forrest B. Lammiman, Esq.
Brian I. Hays, Esq.
Randall Allan Hack, Esq.
Lord Bissell & Brook
115 South Lasalle Street
Suites 2600-3600
Chicago, IL 60603

David N. Rosen, Esq.
400 Orange Street
New Haven, CT 06511

_____
JULIE G. TURBERT
ASSISTANT U.S. ATTORNEY