UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil No.  3:02CV00889 (EBB) |
| | : | |
| 277 DIAMONDS VALUED AT | : | |
| APPROXIMATELY $2,461,093.00, | : | |
| | : | |
| ONE (1) PAIR OF DIAMOND EARRINGS, | : | |
| VALUED AT APPROXIMATELY | : | |
| $50,120.00, | : | |
| | : | |
| AND | : | |
| | : | |
| ONE (1) PLATINUM AND DIAMOND | : | |
| RING VALUED AT APPROXIMATELY | : | |
| $25,935.00, | : | |
| | : | |
| Defendants. | : | |

DECREE OF FORFEITURE

On May 22, 2002, a Verified Complaint of Forfeiture was filed on behalf of the plaintiff,

United States of America, for the forfeiture of  277 diamonds valued at approximately

$2,461,093.00, one (1) pair of diamond earrings valued at approximately $50,120.00, and one (1)

platinum and diamond ring valued at approximately $25,935.00 ("Defendant Diamonds and

Diamond Jewelry").  The Complaint alleges that the Defendant Diamonds and Diamond Jewelry

were involved in a financial transaction in violation of 18 U.S.C. §§ 1956 and 1957, and are

therefore subject to forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(A), or

constitute or are derived from proceeds traceable to an offense constituting "specified unlawful

activity" (as defined in 18 U.S.C. § 1956(c)(7)), namely mail fraud and wire fraud in violation of

18 U.S.C. §§ 1341 and 1343, or conspiracy to commit such offenses, and are therefore subject to forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(C).

It appearing that process was fully issued in this action and returned according to law, the Court finds as follows:

<u>ARREST, NOTICE AND SERVICE OF PROCESS</u>

That pursuant to Warrants of Arrest <u>In Rem</u> issued by this Court on May 22, 2002, the Internal Revenue Service Criminal Investigation for the District of Connecticut seized the Defendant Diamonds and Diamond Jewelry on June 12, 2002;

That on June 3, 4, and 5, 2002, notice of this action was published in the <u>Hartford Courant</u> newspaper;[1]

That on August 20, 2001, the plaintiff, United States of America, mailed a Notice of Lawsuit and Request for Waiver of Service of Process, along with the Verified Complaint of Forfeiture and Warrants of Arrest <u>In Rem</u>, to Mossack Fonseca & Co (BVI), Ltd., the registered agent for service for Devonshire Technologies (BVI) Ltd. and Bloomfield Investments Ltd.;

That by letter dated September 3, 2001, Mossack Fonseca & Co (BVI) Ltd. acknowledged receipt of the Notice of Lawsuit and Request for Waiver of Service of Process, along with the Verified Complaint of Forfeiture and Warrants of Arrest <u>In Rem</u>;

---

[1]The United States Attorney's cost for advertising notice of this forfeiture action totals $682.00.

## CLAIMS AND ANSWERS

That on March 14, 2003, George Dale, Mississippi Commissioner of Insurance, filed a Claim, and on March 26, 2003, filed an Answer and Affirmative Defenses to the Verified Complaint of Forfeiture, and Counterclaim against the United States;

That on March 17, 2003, Paula A. Flowers, Commissioner and Receiver of Franklin American Life Insurance Company, filed a Claim, and an Answer and Affirmative Defenses to the Verified Complaint of Forfeiture, and Counterclaim against the United States of America;

That on March 19, 2003, Carroll Fisher, Insurance Commissioner and Receiver for Farmers & Ranchers Life Insurance Company, filed a Claim, and an Answer and Affirmative Defenses to the Verified Complaint of Forfeiture, and Counterclaim against the United States;

That on March 21, 2003, Scott B. Lakin, Director of the Mississippi Department of Insurance in Statutory Capacity as Liquidator of International Financial Services Life Insurance, filed a Claim, and on August 24, 2003, filed an Answer and Affirmative Defenses to the Verified Complaint of Forfeiture, and Counterclaim against the United States;

That on March 26, 2003, Mike Pickens, Receiver of Old Southwest Life Insurance, filed a Claim, and an Answer and Defenses to the Verified Complaint of Forfeiture;

That on April 10, 2003, Peoples Benefit Life Insurance Company and Veterans Life Insurance Company filed a Verified Statement of Interest or Right and jury demand, and an Answer and Affirmative Defenses to the Verified Complaint of Forfeiture;

That on April 10, 2003, Huff Cook, Inc., in the right and on behalf of Settlers Life Insurance Company, filed a Verified Statement of Interest or Right, and filed an Answer and Affirmative Defenses to the Verified Complaint of Forfeiture;

<u>DEFAULTS</u>

That on June 2, 2003, David Rosse was defaulted for failure to file a claim or answer or

otherwise defend as provided for in Rule C of the Supplemental Rules for Certain Admiralty and

Maritime Claims, pursuant to Rule 55(a) of the Federal Rules of Civil Procedure;

That on July 16, 2003, a default judgment was entered against David Rosse, pursuant to

Rule 55(b) of the Federal Rules of Civil Procedure;

<u>INTERLOCUTORY SALE</u>

That on September 15, 2004, the Court granted the United States of America's Motion for

Interlocutory Sale of the Defendant Diamonds and Diamond Jewelry, and said diamonds and

diamond jewelry were sold at public auction by the Internal Revenue Service Criminal

Investigation pursuant to the Order for Interlocutory Sale, on December 8 and 9, 2004;

<u>STIPULATION OF DISMISSAL AND WITHDRAWAL OF CLAIMS
BY PEOPLES BENEFIT LIFE INSURANCE COMPANY,
VETERANS LIFE INSURANCE COMPANY, AND
HUFF COOK, INC. (SETTLERS LIFE INSURANCE COMPANY)</u>

That the United States, Receiver-Claimants, and re-insurance companies, Peoples Benefit

Life Insurance Company, Veterans Life Insurance Company, and Huff Cook, Inc./Settlers Life

Insurance Company, entered into a Stipulation of Dismissal and Withdrawal of Claims by

Peoples Benefit Life Insurance Company, Veterans Life Insurance Company, and Huff Cook,

Inc., whereby the re-insurance companies agreed to be dismissed from the case, withdrew their

Verified Statements of Interest or Right, filed with the Court on April 10, 2003, asserting claims

to the Defendant Diamonds and Diamond Jewelry, and consented to the entry of a decree of

forfeiture in this case;

<u>STIPULATION BETWEEN THE UNITED STATES</u>
<u>AND RECEIVER-CLAIMANTS</u>

That the United States and the Receiver-Claimants entered into a Stipulation whereby the

parties agreed that upon the Department of Justice's granting of the Receiver-Claimants' Petition

for Remission pursuant to the Regulations Governing the Remission or Mitigation of Civil and

Criminal Forfeiture, 28 C.F.R. §§ 9.1-9.9, the United States shall distribute to the Receiver-

Claimants the following pro rata shares of the net proceeds of the above-referenced assets, less

allowable costs, as follows:

| Claimant/Petitioner | Pro Rata Share of Net Proceeds |
|---|---|
| Franklin Protective Life Insurance Company | 4.10% |
| Family Guaranty Life Insurance Company | 6.99% |
| Farmers and Ranchers Life Insurance Company | 2.30% |
| First National Life Insurance Company of America | 54.78% |
| Franklin American Life Insurance Company | 8.00% |
| Old Southwest Life Insurance Company | 1.75% |
| International Financial Services Life Insurance Company | 22.08% |

That payment of the accrued interest on the assets seized by the Internal Revenue Service

Criminal Investigation shall be governed by a separate order of this Court addressing the

Receiver-Claimants' motion for payment of accrued interest;

Now, therefore, on motion of the Plaintiff, United States of America, for a Decree of

Forfeiture, it is hereby

ORDERED, ADJUDGED AND DECREED that the default as to all persons having any right, title or interest in the sale proceeds from the court-ordered interlocutory sale of the Defendant Diamonds and Diamond Jewelry, as the substitute res, under seizure in this action be and is hereby entered herein;

ORDERED, ADJUDGED AND DECREED that the sale proceeds from the court-ordered interlocutory sale of the Defendant Diamonds and Diamond Jewelry, as the substitute res, be forfeited to the United States of America and disposed of in accordance with the Stipulation between the United States and the Receiver-Claimants; and it is further

ORDERED, ADJUDGED AND DECREED that the Court determines that there is no just reason for delay and it directs the Clerk to enter judgment based upon this Decree of Forfeiture as a final judgment for appeal purposes.

Dated at New Haven, Connecticut, this _____ day of October, 2007.

_____
HONORABLE ELLEN BREE BURNS
SENIOR UNITED STATES DISTRICT JUDGE

<u>CERTIFICATE OF SERVICE</u>

This is to certify that a copy of the within and foregoing proposed Decree of Forfeiture

has been mailed, postage prepaid, this 18th day of October, 2007, to:

Douglas J. Schmidt, Esq.
Terrance Summers, Esq.
Blackwell Sanders Peper Martin, LLP
4801 Main Street, Suite 1000
Kansas City, MO 64112

Douglas S. Skalka, Esq.
Neubert, Pepe & Monteith
195 Church Street
New Haven, CT 06510

Graham Matherne, Esq.
Wyatt Tarrant & Combs
2525 West End Avenue, Suite 1500
Nashville, Tennessee  37203

Charles G. Copeland, Esq.
Copeland, Cook, Taylor & Bush, P.A.
1062 Highland Colony Parkway
P.O. Box 6020
Ridgeland, Mississippi 39157

Andrew B. Campbell
Wyatt, Tarrant & Combs
2525 West End Avenue, Suite 1500
Nashville, TN 37203

Susan Loving, Esq.
Lester, Loving and Davies
1701 South Kelly
Edmund, Oklahoma 73013

Steve A. Uhrynowycz, Esq.
Arkansas Insurance Department
1200 W. Third Street
Room 340
Little Rock, AR 72201-0104

James A. Lenes, Esq.
9 Grove Street
Ridgefield, CT 06877

Forrest B. Lammiman, Esq.
Brian I. Hays, Esq.
Randall Allan Hack, Esq.
Lord Bissell & Brook
115 South Lasalle Street
Suites 2600-3600
Chicago, IL 60603

David N. Rosen, Esq.
400 Orange Street
New Haven, CT 06511

_____
JULIE G. TURBERT
ASSISTANT U.S. ATTORNEY

7